Cleveland FORD, Appellant,

v.

**MISSOURI DIVISION OF EMPLOY-
MENT SECURITY, et al.,
Respondent.**

**No. WD 34980.**

Missouri Court of Appeals,
Western District.

May 9, 1984.

**204**

Dana K. Kaiser, Effie F. Day, Legal Aid of Western Mo., Kansas City, for appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for respondent, Division of Employment Security of Missouri.

Catherine J. Barrie, Jefferson City, for respondent, Labor and Industrial Relations Commission of Missouri.

Before LOWENSTEIN, P.J., and MANFORD and BERREY, JJ.

LOWENSTEIN, Presiding Judge.

The appellant Ford was dismissed because of absenteeism and tardiness by his employer Truman Medical Center. On his claim for unemployment benefits the deputy for the Division of Employment Security found in Ford's favor. The employer appealed the decision and filed a protest letter. The Appeals Tribunal found the employer justified in the discharge, but only disqualified Ford for 10 weeks. Ford's counsel on appeal, her candor appreciated, admits Ford has otherwise received the maximum amount of unemployment benefits to which he was entitled—and that other than the 10 weeks waiting period he has received all the money he could and this court could take no action that would increase his recovery. Ford's appeal to the Labor and Industrial Relations Commission and the circuit court did not change the result.

■ In denying his petition for review the circuit court ordered costs assessed against Ford. Among other points, Ford's brief properly alleges error on this assessment. That portion of the judgment cannot stand. Section 288.380.5 in no uncertain terms prohibits the charging of fees of any kind in any proceeding by the division or by any court or officer thereof; the circuit court was without power to assess costs against the employee-claimant. *Woolridge v. Labor & Industrial Relations Commission of Missouri*, 643 S.W.2d 317, 319 (Mo.App.1982). That portion of the judgment relating to costs is reversed.

The thrust of the balance of Ford's appeal concerns the lack of notice on the issues to be litigated at the appeals hearing. He simply states that the protest letter of the employer should have been sent to him prior to the hearing requested by the employer. This court will be unable to rule on this point as will next be explained. However, in this specific case, this entire appeal would have been rendered unnecessary had the Division seen fit to have sent a copy of the hospital's three sentence protest letter to the claimant along with the notice of hearing.

■ A party cannot appeal from a judgment that gives him all he asks for. *Boland v. Dehn*, 348 S.W.2d 603, 604 (Mo.App.1961). Since the underlying decision does not directly affect some pecuniary or property right or interest he possesses, Ford is not a party "aggrieved" by a judgment. *Conrad v. Herndon*, 572 S.W.2d 216, 219 (Mo.App.1978). The right to appeal under § 512.020 RSMo 1978 is to an aggrieved party, meaning the party must have some actual and justiciable interest susceptible of protection through litigation. *Crigler v. Frame*, 632 S.W.2d 94, 95 (Mo.App.1982). Since Ford admits to receiving all entitled benefits, he has no standing to prosecute this appeal—this court has no jurisdiction to change the ruling on this portion of his appeal as the matter complained of is moot. *Lowe v. Labor & Industrial Relations Commission*, 594 S.W.2d 365, 368 (Mo.App.1980). *See also Columbia Union National Bank and Trust v. Bundschu*, 641 S.W.2d 864, 872 (Mo.App.1982) and *Grogan v. Hays*, 639 S.W.2d 875, 878 (Mo.App.1982). To do so otherwise would be the rendering of an advisory opinion from which this court is prohibited. *State ex rel. Ellsworth Freight Lines, Inc. v. State Tax Commis-*

*sion of Missouri,* 651 S.W.2d 130, 133 (Mo. banc 1983).

The effort of counsel for both sides is duly noted.

That portion of the judgment of the circuit court relating to costs is reversed and the cause remanded for deletion of that assessment. The balance of Ford's appeal, being moot is ruled against him. No costs.

All concur.