**Hattie J. BROWN, Claimant–Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent–Respondent.**

**No. 22325.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 12, 1998.

---

8. A holding in *Olson* on a different issue was overruled by *State v. Santillan,* 948 S.W.2d 574, 576[5] (Mo. banc 1997).

9. Footnote 6, *supra.*

Rick S. Vasquez, Springfield, for Appellant.

Ronald J. Miller, Cynthia A. Quetsch, Jefferson City, for Respondent Mo. Div. of Employment Security.

PREWITT, Presiding Judge.

Appellant was denied unemployment insurance compensation when the Labor and Industrial Relations Commission determined that she failed, without good cause, to accept available suitable work from her employer, the United States Postal Service. *See* Section 288.050.1(3), RSMo Supp.1996. On appeal, Appellant contends that the Commission's factual determination is not supported by competent and substantial evidence. *See* Section 288.210(4), RSMo Supp.1996.

Whether Appellant failed, without good cause, to accept available suitable work was a factual matter in dispute. The Labor and Industrial Relations Commission of Missouri affirmed the decision of the Appeals Tribunal which found that although the conditions of the position offered to Appellant were less favorable than the position she had previously held, the conditions were "not such that they justified a choice to be unemployed rather than accepting" the offered job.

Appellant began working for the United States Postal Service [USPS] in 1990, as a "casual" employee. Two years later, Appellant became a "transitional" employee for the USPS. The transitional employees were hired in accordance with guidelines set forth in a collective bargaining agreement between the USPS and the union. As a transitional employee, Appellant received an hourly wage plus a night differential increase, additional pay for performing certain duties, annual leave, insurance benefits, and was a union employee. In 1997, Appellant was advised that her position was being eliminated in accordance with the collective bargaining agreement. The USPS offered Appellant a position as a casual employee, a non-union position, in which position she would have continued performing similar work, but have no guaranteed hours or days off, and receive an hourly wage plus shift differential. Appellant declined to work as a casual employee.

■ In Point I, Appellant argues that she had good cause to refuse the offer of employment because the pay would be less, the hours would not be guaranteed, the position was not a union position, and she would not accumulate annual leave benefits. Respondent argues that under the factors enumerated in Section 288.050.1(3)(a), Appellant was offered suitable work and therefore did not have good cause to refuse to accept the offered position. Factors listed in that section include consideration of the individual's prior training, experience, earnings, and whether the wages, hours, and other conditions are substantially less favorable than those prevailing for similar work in the locality. *See* Sections 288.050.1(3)(a) and (b)b.

■ The words "good cause" do not have a precise definition, but is a standard of reasonableness as applied to the average person. "The circumstances motivating an employee to terminate employment must be real not imaginary, substantial not trifling, and reasonable not whimsical, and good faith is an essential element." *Belle State Bank v. Indus. Comm'n*, 547 S.W.2d 841, 846–47 (Mo. App.1977). "Being less suitable does not make the work not suitable." *S.S. Kresge Co. v. Unemployment Compensation*

*Comm'n*, 349 Mo. 590, 162 S.W.2d 838, 841 (1942).

■ "The burden is on the claimant to prove eligibility for benefits." *Sokol v. Labor & Indus. Relations Comm'n*, 946 S.W.2d 20, 23 (Mo.App.1997). Our limited review as to disputed facts is only to determine whether the Commission's finding is supported by competent and substantial evidence. *Burns v. Labor & Indus. Relations Comm'n*, 845 S.W.2d 553, 554 (Mo.banc 1993). This "court reviews the evidence in a light most favorable to the findings and decision of the Commission and disregards all opposing and unfavorable evidence." *England v. Regan Mktg., Inc.*, 939 S.W.2d 62, 66 (Mo.App.1997). Under this limited review, this Court determines that the order appealed from is supported by competent and substantial evidence on the whole record and that no error of law appears. Point I is denied.

■ Appellant's point II alleges error when the Commission determined Appellant refused suitable employment because "RSMo 288.050.1(3)(b)(c) mandates that work shall not be deemed suitable and benefits denied if as a condition of being employed the individual would be required to resign from or refrain from joining a union." She claims, therefore, that when the USPS offered her a position that was outside the union, such action "circumvented union affiliation in violation of the statute." Respondent argues that "the employer placed no condition on the transitional employees to resign from the union before they were eligible for employment as casual employees."

There is no evidence in the record on appeal that would support a finding that, as a condition of being employed, Appellant was required to resign from the union before she could become a casual employee. Because the position Appellant was offered was not a union position does not necessitate that Appellant resign from the union. Point II has no merit and is denied.

The order appealed from is affirmed.

CROW and PARRISH, JJ., concur.