Mathew W. PLACZEK and William W. Francis, Jr., Appellants,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. 23907.

Missouri Court of Appeals, Southern District, Division Two.

June 14, 2001.

Ann Littell, Springfield, for appellant.

Marilyn Green and Cynthia Quetsch, Jefferson City, for respondent.

RAHMEYER, Judge.

The law firm of Placzek & Francis ("Appellant") appeals the decision of the Labor and Industrial Relations Commission ("the Commission") that a former employee ("Claimant") had good cause for rejecting an offer of suitable work. Appellant further claims that Claimant was disqualified for benefits because she was unavailable for work. We affirm.

The court's authority to review the Commission's Order comes from § 288.210.[1] *Fritts v. Williams*, 992 S.W.2d

375, 379 (Mo.App. S.D.1999). The Commission's Order is subject to appellate review to determine whether it is supported by competent and substantial evidence and is authorized by law. *Streitz v. Juneau*, 940 S.W.2d 548, 550 (Mo.App. S.D.1997). Appellate review of the Commission's decision is limited to questions of law unless the Commission's findings of fact are not supported by competent and substantial evidence or were obtained by fraud. *Kennett Board Of Public Works v. Shipman*, 15 S.W.3d 792, 795 (Mo.App. S.D.2000). If the significance of undisputed facts can be viewed in different ways, the primary question on appeal is how the law applies to the facts. *Fritts*, 992 S.W.2d at 379. In answering that question the appellate court is not bound by the Commission's conclusions of law. *Id.* The evidence should be reviewed in a light most favorable to the findings of the Commission and this court must draw from the evidence all reasonable inferences that support the Commission's judgment. *Bedford Falls Company v. Division of Employment Security*, 998 S.W.2d 851, 855 (Mo.App. W.D. 1999). With the foregoing principles as guidelines, we turn to Appellant's first point.

Appellant claims:

The Division of Employment Security, Appeals Tribunal, erred in finding claimant demonstrated good cause for rejecting an offer of suitable work because claimant did not reject the offer of employment for good cause in that she rejected the offer of employment because the rate of pay did not substantially exceed her childcare expenses.

The applicable statute, § 288.050.1(3), states:

---

1. In citing to statutes, we refer to Missouri Revised Statutes 2000, unless otherwise stated.

1. Notwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits until after the claimant has earned wages for work insured pursuant to the unemployment compensation laws of any state equal to ten times the claimant's weekly benefit amount if the deputy finds:

. . . .

(3) That the claimant failed without good cause either to apply for available suitable work when so directed by the deputy, or to accept suitable work when offered the claimant, either through the division or directly by an employer by whom the individual was formerly employed, or to return to the individual's customary self-employment, if any, when so directed by the deputy.

Appellant hired Claimant when she was pregnant with her second child. She worked as a full-time employee at $6.50 an hour. She left her employment on good terms just prior to her child's birth. Seven weeks later Appellant offered Claimant a job at the same wage with substantially the same duties. Appellant claims because the offer of work was for the same rate of pay, number of hours, duties and conditions of work as Claimant formerly performed, she does not have good cause to refuse suitable work.

■ The Commission found that Claimant did have good cause to reject the suitable work because her circumstances changed since she left the employment of Appellant. This finding is based on the fact that she had a second child and her childcare expenses increased so substantially that she could no longer afford childcare on the same salary she made before. Claimant rejected rehire with Appellant because at the rate of pay offered to her she could not pay her expenses.

■ The meaning of "good cause" in an unemployment benefits case has no fixed meaning, but depends on the circumstances of each case. *Mitchell v. Division of Employment Security*, 922 S.W.2d 425, 427 (Mo.App. S.D.1996). A standard of reasonableness as applied to the average person is used. *Brown v. Division of Employment Security*, 973 S.W.2d 199, 201 (Mo.App. S.D.1998).

Respondent admits there are no Missouri cases addressing the issue of whether inability to afford childcare expenses is good cause for refusing suitable work. Respondent points to other jurisdictions that have found that the inability to obtain childcare was good cause for rejecting suitable employment.[2]

Of significance to this court is the standard of review. The Commission found good cause existed for Claimant to reject the offer of employment. This court accepts the evidence favorable to the Commission's decision that Claimant could not afford childcare on the salary offered by Appellant. Claimant testified that she would work between thirty and forty hours per week if she took the job offered to her. At $6.50 an hour and forty hours a week, Claimant would gross $260.00 per week. The Commission found that after normal tax deductions, general work expenses of $30 per week, and childcare ex-

2. *See, e.g., Trexler v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 180, 365 A.2d 1341 (1976), finding good cause for the claimant to refuse work because employment would necessitate her working during hours in which she was unable to obtain childcare; *Martin v. Review Board of the Indiana Employment Security Division*, 421 N.E.2d 653 (Ind.App.1981), finding good cause for the claimant to reject the 4 p.m. to midnight shift because of transportation and childcare problems.

penses of $150.00 were subtracted from this gross income, Claimant would have $7.20 per week as disposable income. The Commission found this was good cause for rejecting the job offer. That conclusion is supported by substantial and competent evidence, and is not contrary to the law. This court finds that a reasonable person would do the same thing under the circumstances of this case. If the Commission used thirty hours per week for calculating Claimant's gross income, after only taxes and daycare costs were considered, she would lose money by going to work. Point I is denied.

As Appellant's second claim of error Appellant contends that Claimant was not "available for work" as required by § 288.040.1(2). Section 288.040.1(2) states:

1. A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that:

. . . .

(2) The claimant is able to work and is available for work.

Respondent claims the issue is not ripe for review because it was never addressed by a deputy of the Division of Employment Security or by the Commission. We agree.

■ This court may not properly address an issue that was not determined by the Commission. *Heavy Duty Trux Limited v. Labor and Industrial Relations Commission*, 880 S.W.2d 637, 644–46 (Mo. App. W.D.1994). The issue of availability for work is a separate issue from good cause for rejecting an offer of suitable work and must be determined separately. *Id.* at 645. A review of the record on appeal indicates that Claimant's ability to work was not addressed by the deputy or by the appeals tribunal, nor did Appellant address it at the hearing. The Commission only addressed § 288.050. We will not convict the Commission of error in these circumstances. *Id.* at 645. Point two is denied.

We conclude that the Commission's findings are supported by competent and substantial evidence. We further agree with the Commission's conclusion that Claimant rejected suitable employment for good cause. Accordingly, we affirm the decision of the Commission.

PREWITT and GARRISON, JJ., concur.