Paul W. ROCKETT,
Claimant/Appellant,

v.

RADAR, INC, and Division of
Employment Security,
Respondents.

No. ED 82143.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 11, 2003.

Paul W. Rockett, Foristell, pro se.

Thomas P. Berra, Jr., Alan J. Downs, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

The claimant, Paul Rockett, appeals the decision of the Labor and Industrial Relations Commission, which affirmed the decision of the Appeals Tribunal disqualifying him from unemployment benefits for six weeks. Because we find the claimant's appeal is moot, we dismiss the appeal.

After the claimant left his employment with the employer, Radar, Inc., he filed for unemployment benefits. The employer filed a letter of protest, contending the claimant had been discharged for misconduct connected with work because he was at work under the influence of alcohol. A deputy with the Division of Employment Security agreed with the employer and disqualified the claimant from unemployment benefits for six weeks. The claimant appealed to the Appeals Tribunal, which affirmed the deputy's determination. The claimant then appealed to the Labor and Industrial Relations Commission, which affirmed the decision of the Appeals Tribunal. The claimant now files an appeal with this Court.

The respondent Division of Employment Security has filed a motion to dismiss the claimant's appeal. The respondent contends this Court has no jurisdiction over the appeal because the case is now moot. The claimant has received all unemployment benefits to which he is entitled under this claim and even if he won his appeal, he could not receive any additional money. The claimant has not filed a response to the motion to dismiss.

"A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984). When an event occurs that makes a decision unnecessary or makes granting any relief by the court impossible, then the case is rendered moot and generally should be dismissed. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). The doctrine is triggered when an event occurs that alters the position of the parties and any judgment would be a hypothetical opinion. *Id.* In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record. *Id.*

The respondent attached to its motion an affidavit by Janice Belt, Chief of Benefits of the Division. She states that the claimant has been paid the maximum amount of his unemployment benefits and that if he wins his appeal, he will not be paid any additional money on his claim. We agree. The record on appeal shows that the claimant began receiving unemployment benefits of $138 per week on June 1, 2002 (after his six-week disqualifi-

cation period). He received those benefits for 17 weeks, plus one additional payment of $26.26, for a total payment of $2372.26. According to the Division's records, the claimant's maximum benefit amount for the benefit year is $2372.26. Therefore, even if this Court were to reverse the Commission's decision, the claimant would not receive any additional benefits. If the claimant has received all of his entitled benefits, then the case is moot. *See, Ford v. Division of Employment Security,* 670 S.W.2d 203, 204 (Mo.App. W.D.1984). Accordingly, we dismiss this appeal as moot.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.