Moroney HILL, Jr., Claimant/Appellant,

v.

VENATOR GROUP RETAIL, INC., and Division of Employment Security, Respondents.

No. ED 82935.

Missouri Court of Appeals, Eastern District, Division Five.

July 29, 2003.

Moroney Hill, Jr., Florissant, pro se.

Alan Downs, Division of Employment Security, St. Louis, MO, for Respondents.

Justin Matthew Dean, Kansas City, MO, for Respondent Venator Group Retail.

SHERRI B. SULLIVAN, Chief Judge.

Moroney Hill, Jr. (Claimant), appeals the decision of the Labor and Industrial Relations Commission (Commission) disqualifying him from unemployment benefits. We dismiss the appeal as moot.

After Claimant lost his job with Venator Group Retail, Inc., he applied for unemployment benefits. On November 26, 2002, a deputy determined that Claimant should be disqualified from benefits for four weeks because he was discharged for misconduct connected with his work when he was absent without approved leave. The deputy further determined that the disqualification ended on November 24, 2002 because Claimant already had served the disqualification period. Subsequently, Claimant began receiving his unemployment benefits.

Claimant sought an appeal with the Appeals Tribunal, but his case initially was dismissed. The Commission remanded his case for a hearing, but he failed to appear at the hearing. The Appeals Tribunal reinstated the dismissal and the Commission affirmed. Claimant now appeals to this Court.

The Division of Employment Security (DES) has filed a motion to dismiss Claimant's appeal. DES contends that Claimant's case is now moot because Claimant has received all of his unemployment benefits and even if he won his appeal, he could not receive any additional money. Claimant has not filed a response to the motion to dismiss.

This case is similar to the recently decided case of *Rockett v. Radar, Inc.*, 97 S.W.3d 535 (Mo.App. E.D.2003). In that case, the claimant had received all of his entitled unemployment benefits for the benefit year. The case was dismissed as moot, because even if the claimant won his appeal, he could not receive any additional unemployment benefits. *Id.* at 537.

Here, Claimant also cannot receive any additional unemployment benefits. DES included with its motion to dismiss an affidavit by Janice Belt, Chief of Benefits of DES. She states that Claimant has been paid the maximum amount of his unemployment benefits. After his four-week disqualification, Claimant began receiving unemployment benefits of $219 per week on November 30, 2002. He received those benefits for 21 weeks, plus one additional payment of $7.11 for a total payment of $4,606.11. Claimant's maximum benefit amount for the benefit year is $4,606.11. Therefore, Claimant cannot receive any additional unemployment benefits. If the claimant has received all of his entitled unemployment benefits, then the case is moot. *Id.* Accordingly, we dismiss this appeal as moot.

LAWRENCE E. MOONEY and GEORGE W. DRAPER, III, JJ., concur.