Timothy SHAW, Respondent,

v.

FERGUSON MEDICAL GROUP,
L.P., Appellant,

and

Division of Employment Security,
Respondent.

No. ED 82990.

Missouri Court of Appeals,
Eastern District,
Southern Division

Nov. 25, 2003.

John L. Oliver, Cape Girardeau, MO, Clifton K. Verhines, Jr., Piedmont, MO, for appellant.

Timothy Shaw, Cape Girardeau, MO, Larry R. Ruhmann, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Ferguson Medical Group, L.P. (hereinafter, "Employer") appeals the decision of the Labor and Industrial Relations Commission, affirming the decision of the Ap-

peals Tribunal, finding one of its former employees not disqualified from receiving unemployment benefits under the Missouri Employment Security Law, Chapter 288 RSMo (2000).[1] Employer raises three points of error, alleging the Labor and Industrial Relations Commission erred in issuing its decision. However, we find Employer's appeal moot and dismiss the appeal.

The Division of Employment Security (hereinafter, "the Division") filed two motions, taken with the case, to dismiss Employer's appeal. The Division contends this Court lacks subject matter jurisdiction over this appeal because the cause is moot. The Division argues Employer is not an aggrieved party entitled to appeal a decision of the Labor and Industrial Relations Commission because Employer's unemployment tax account will remain unchanged, regardless of the outcome of this appeal. Employer responded, conceding that its account will not be altered, but asserting it is an aggrieved party since it is a general taxpayer.

 "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984); *Ruzicka v. Hart Printing Co.*, 21 S.W.3d 67, 75 (Mo.App. E.D.2000). A case is rendered moot and should be dismissed when an event transpires causing a decision by this Court to be unnecessary or granting its relief impossible. *Rockett v. Radar, Inc.*, 97 S.W.3d 535, 536 (Mo.App. E.D.2003). "The doctrine is triggered when an event occurs that alters the position of the parties and any judgment would by a hypothetical opinion." *Id.* An appellate court may consider matters outside the record in determining whether a case is moot. *McAuliffe*, 676 S.W.2d at 487; *Rockett*, 97 S.W.3d at 536.

The Division attached to its motions two affidavits by the Chief of Benefits and the Benefit Claims Supervisor IV from the Division. Those affidavits state that Employer's unemployment tax account concerning the employee's unemployment claim was not charged because Employer paid the employee less than the minimum threshold pursuant to Section 288.100.1(4)(d). Further, the Division submitted copies of three pages of the employee's records, demonstrating the employee was not paid any benefits under his claim and since the benefit year has ended, the employee cannot receive any benefit on this claim. Employer admits its unemployment tax account will remain intact, regardless of the decision of this Court, and therefore, its tax status will remain unchanged. However, Employer argues this Court should not dismiss its appeal because it qualifies as an aggrieved party in that Employer is a general taxpayer. We disagree.

 Employer cites this Court to *Querry v. State Highway & Transp. Comm'n*, 60 S.W.3d 630 (Mo.App. W.D. 2001) for the proposition that the grievances of tax paying individuals, such as Employer, are grievances shared by the public at large. *Id.* at 635. To have standing as a taxpayer, Employer must show: "(1) a direct expenditure of funds generated through taxation, (2) an increased levy in taxes, or (3) a pecuniary loss attributable to the challenged transaction. However, this right is denied where the payment of the obligation under the contract will not be made from public funds or from funds raised by taxation." *Id.* at 634 (citations omitted).

---

1. All further statutory references herein will be to RSMo (2000) unless otherwise noted.

In the instant case, Employer is unable to demonstrate standing as a taxpayer because there never was a payment of unemployment benefits paid to the employee. The employee is foreclosed from making a claim now in that his eligible benefit year has terminated. Hence, there was no expenditure from public funds or funds raised by taxation. Accordingly, we dismiss this appeal as moot.

ROBERT G. DOWD, JR., J., and MARY K. HOFF, J., concur.