Frank NEASE, Appellant,

v.

INDEPENDENT LIVING RESOURCE CENTER, INC.; Division of Employment Security, Respondents.

No. WD 63993.

Missouri Court of Appeals, Western District.

Jan. 11, 2005.

Motion for Transfer to Supreme Court Denied March 1, 2005.

Application for Transfer Denied April 26, 2005.

---

Michael H. Finkelstein, Jefferson City, MO, for appellant.

Ninion S. Riley, Jefferson City, MO, for respondent, State of MO. Div. of Employment.

Carla G. Holste, Jefferson City, MO, for Resp. Independent living Resource Center, Inc.

Before LISA WHITE HARDWICK, P.J., ROBERT G. ULRICH and THOMAS H. NEWTON, JJ.

ROBERT G. ULRICH, Judge.

Frank Nease appeals the decision of the Labor and Industrial Relations Commission disqualifying him from unemployment benefits for six weeks. The appeal is dismissed as moot.

Mr. Nease applied for unemployment benefits after he was discharged by his employer, Independent Living Resource Center, Inc. A deputy with the Division of Employment Security determined that Mr. Nease was disqualified for benefits for four weeks because he was discharged for misconduct connected with work. Mr. Nease appealed, and the Appeals Tribunal modified the deputy's determination deciding that Mr. Nease was disqualified for benefits for six weeks. Mr. Nease then appealed to the Commission, which affirmed the decision of the Appeals Tribunal. This appeal followed.

The Division filed a motion to dismiss Mr. Nease's appeal, which was taken with the case, arguing that no justifiable issue exists, and, therefore, Mr. Nease's case is now moot. It contends that Mr. Nease has received the maximum amount of unemployment benefits and cannot receive any additional benefits should he prevail on appeal. Mr. Nease responded to the motion arguing that dismissal of his appeal would deprive him of the liberty interest in his good name and judicial review of the decision of the Division finding that he engaged in misconduct at work. He also argues that his case presents issues of general importance that are likely to recur yet evade judicial review.

█ A case is moot when the question presented for decision seeks a judgment upon some matter that, if the judgment is rendered, would not have any practical effect upon any then existing controversy. *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001)(quoting *Shelton v. Farr*, 996 S.W.2d 541, 543 (Mo.App.

**414**

W.D.1999)). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Id.* (quoting *Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App. W.D.1999)). In deciding whether a case is moot, the appellate court may consider matters outside the record. *Id.*

This case is similar to *Hill v. Venator Group Retail, Inc.,* 138 S.W.3d 746 (Mo. App. E.D.2003), and *Rockett v. Radar, Inc.,* 97 S.W.3d 535 (Mo.App. E.D.2003). In those cases, the claimants had received the maximum amount of their unemployment benefits for the benefit year. *Hill,* 138 S.W.3d at 747; *Rockett,* 97 S.W.3d at 536–37. The cases were dismissed as moot because even if the claimants prevailed on appeal, they could not receive any additional unemployment benefits. *Hill,* 138 S.W.3d at 747; *Rockett,* 97 S.W.3d at 537.

Here, Mr. Nease also cannot receive any additional unemployment benefits. The Division included with its motion to dismiss the affidavit of Janice Belt, Chief of Benefits of the Division. She states that Mr. Nease has been paid the maximum amount of his unemployment benefits and that, even if he wins his appeal, he will not be paid any additional money on his claim. The record on appeal shows that after his six week disqualification period, Mr. Nease began receiving unemployment benefits of $250 per week on September 27, 2003. He received those benefits for twenty-six weeks for a total payment of $6,500. Mr. Nease's maximum benefit amount for the benefit year is $6,500. Therefore, even if this court were to reverse the decision of the Commission, Mr. Nease would not receive any additional benefits. If a claimant has received all of his entitled unemployment benefits, then the case is moot. *Hill,* 138 S.W.3d at 747; *Rockett,* 97 S.W.3d at 537.

Mr. Nease does not dispute that he received the maximum amount of his unemployment benefits. He argues, however, that he is aggrieved by the decision of the Commission because his reputation in the community was stained. This is not, however, the proper forum to raise such a claim. Chapter 288 provides the procedure for the payment of benefits to persons unemployed through no fault of their own. Mr. Nease's appeal involves the payment of unemployment benefits, and, as stated above, he has received the maximum benefit amount for the benefit year. Other forums may be available for addressing Mr. Nease's claim.

Mr. Nease also argues that if his appeal is dismissed, the issues raised in his appeal regarding the fairness of the hearing conducted by the Division, which are of general importance, will never be reviewed by the judiciary. A narrow exception to the mootness doctrine applies if a case presents an issue that is of general public interest and importance and that will evade appellate review unless the court exercises its jurisdiction. *Kinsky v. Steiger,* 109 S.W.3d 194, 196 (Mo.App. E.D. 2003); *Johnson v. Meyer,* 108 S.W.3d 130, 131 (Mo.App. E.D.2003). Issues regarding the hearing before the Division are, however, not likely to evade appellate review in future live controversies where individuals are disqualified from unemployment benefits.

The appeal is, therefore, dismissed as moot.

HARDWICK, P.J., and NEWTON, J. concur.