**Freddie ELL, Claimant/Appellant,**

v.

**PROFESSIONAL RECOVERY, INC., and Division of Employment Security, Respondents.**

**No. ED 86022.**

Missouri Court of Appeals, Eastern District, Division Five.

June 28, 2005.

Cardina F. Johnson, St. Louis, MO, for appellant.

Cynthia A. Quetsch, Jefferson City, MO, for Professional Recovery, Inc.

GEORGE W. DRAPER III, Chief Judge.

Freddie Ell (Claimant), appeals the decision of the Labor and Industrial Relations Commission disqualifying him from unemployment benefits for seven weeks. The appeal is dismissed as moot.

Claimant lost his job with Professional Recovery, Inc. and applied for unemployment benefits. On February 24, 2004, a deputy determined that Claimant had been discharged for misconduct connected with his work. Therefore, the deputy determined that Claimant was disqualified from receiving unemployment benefits for seven weeks from January 18, 2004. Claimant did not immediately appeal and he began receiving his unemployment benefits on March 20, 2004.

On September 2, 2004, Claimant filed an appeal to the Appeals Tribunal. He asserted he had good cause for an untimely appeal because he had never received a copy of the deputy's decision. On November 16, 2004, the Appeals Tribunal found good cause for Claimant's failure to file a timely appeal under section 288.070.8, RSMo 2000, but affirmed the deputy's determination denying benefits for seven weeks. Claimant appealed to the Labor and Industrial Relations Commission, which affirmed the Appeals Tribunal. Claimant now appeals to this Court.

The respondent Division of Employment Security (DES) has filed a motion to dismiss Claimant's appeal. DES contends that Claimant's case is now moot because Claimant has received all of his unemployment benefits and even if he won his appeal, he could not receive any additional money. Claimant has not filed a response to the motion to dismiss.

This case is similar to *Hill v. Venator Group Retail, Inc.*, 138 S.W.3d 746 (Mo. App. E.D.2003), and *Rockett v. Radar, Inc.*, 97 S.W.3d 535 (Mo.App. E.D.2003). In those cases, the claimants had received the maximum amount of their unemployment benefits for the benefit year. *Hill*, 138 S.W.3d at 747; *Rockett*, 97 S.W.3d at 536–37. The cases were dismissed as moot because even if the claimants prevailed on appeal, they could not receive any additional unemployment benefits. *Hill*, 138 S.W.3d at 747; *Rockett*, 97 S.W.3d at 537.

Here, Claimant also cannot receive any additional unemployment benefits. The Division included with its motion to dismiss the affidavit of David Strange, Chief of Benefits of the Division. He states that Claimant has been paid the maximum amount of his unemployment benefits and that, even if he wins his appeal, he will not be paid any additional money on his claim. The record on appeal shows that after Claimant served his seven week disqualification period, he began receiving benefits on the week of March 20, 2004. He received those benefits through the week of September 18, 2004 for a total payment of $6,500. Claimant's maximum benefit amount for the benefit year is $6,500. Therefore, even if this court were to reverse the decision of the Commission, Claimant could not receive any additional benefits. If a claimant has received all of

his entitled unemployment benefits, then the case is moot. *Hill,* 138 S.W.3d at 747; *Rockett,* 97 S.W.3d at 537.

The appeal is dismissed.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.