**Kenneth BEVINEAU, Claimant/Appellant,**

v.

**ABM CO. OF KENTUCKY, and Division of Employment Security, Respondents.**

No. ED 86426.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 9, 2005.

**730**

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Kenneth Bevineau, St. Louis, MO, appellant acting pro se.

Arthur J. Neuhedel, Overland Park, KS, for respondent ABM Co.

GLENN A. NORTON, Chief Judge.

Kenneth Bevineau (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) disqualifying him from unemployment benefits. We dismiss the appeal as moot.

After Claimant lost his job with ABM Co. of Kentucky (Employer), he applied for unemployment benefits. A deputy with the Division of Employment Security (Division) initially determined that Claimant was entitled to unemployment benefits. Claimant began receiving unemployment benefits. Employer appealed to the Appeals Tribunal. The Appeals Tribunal reversed the deputy's determination and concluded that Claimant had been discharged from his job for misconduct connected with his work. The Appeals Tribunal concluded that Claimant was disqualified for waiting week credit and benefits for five weeks. At this time, Claimant's unemployment benefits were stopped until he served his period of disqualification, then the benefits were started again until June 28, 2005. In the meantime, Claimant filed an application for review with the Labor and Industrial Relations Commission, which affirmed the Appeals Tribunal's decision. Claimant appealed to this Court.

The Division has filed a motion to dismiss Claimant's appeal. The Division contends that Claimant's appeal is moot because Claimant has received all of his unemployment benefits. Therefore, even if Claimant prevailed in his appeal, he could not receive any additional money. Claimant has not filed a response to the motion to dismiss.

The Division has included an affidavit from the chief of benefits. He states that Claimant has been paid the maximum amount of unemployment benefits. The record shows that Claimant received ten weeks of benefits, and after serving his disqualification period, Claimant received the remainder of his benefits. He exhausted his maximum benefit amount for the benefit year on June 28, 2005. Claimant cannot receive any additional unemployment benefits. If the claimant has received all of his entitled unemployment benefits, then the case is moot. *Hill v. Venator Group Retail, Inc.,* 138 S.W.3d 746, 747 (Mo.App. E.D.2003); *Rockett v. Radar, Inc.,* 97 S.W.3d 535, 537 (Mo.App. E.D.2003).

The Division's motion to dismiss is granted. Claimant's appeal is dismissed.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.