David CRONEY, Claimant–Respondent,

v.

**MISSOURI RED QUARRIES, INC.,**
**Employer–Appellant,**

and

**Missouri Division of Employment**
**Security, Respondent.**

No. SD 30974.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 12, 2011.

R. Scott Reid, Fredericktown, MO, for Appellant.

Ninion S. Riley, Jefferson City, MO, for Claimant–Respondent.

DON E. BURRELL, Presiding Judge.

Missouri Red Quarries, Inc. ("Employer") appeals the October 26, 2010 decision of the Labor and Industrial Relations Commission ("the Commission") that David Croney ("Claimant") was eligible for unemployment compensation benefits from June 13 through September 11, 2010 because he was available for work. *See* section 288.040.1.[1]

In two points relied on, Employer contends the Commission's decision[2] was not supported by sufficient evidence and was "against the overwhelming weight of the evidence." Employer's first point cites section 288.050.1(1)[3] and asserts that Claimant failed to show he was eligible for benefits because he "was either terminated from employment or voluntarily left his employment for good cause" as Employer "presented uncontroverted evidence" that Claimant "voluntarily left work[.]" Employer's second point cites section 288.050.1(3)[4] and alleges Claimant was not

---

1. All statutory references are to RSMo Cum. Supp.2010 unless otherwise stated. Section 288.040.1 provides, *inter alia*, that

   an insured worker shall be eligible for benefits for any week only if the deputy finds that: (1) The claimant has registered for work at and thereafter has continued to report at an employment office in accordance with such regulations as the division may prescribe; (2) The claimant is able to work and is available for work. No person shall be deemed available for work unless such person has been and is actively and earnestly seeking work[.]

2. The Commission adopted the decision of the Appeals Tribunal as its own. When the Commission adopts the decision of the appeals tribunal, we examine the appeals tribunal's decision, but it is the decision of the Commission that is reviewed. *Cf. Stanton v. Division*

*of Emp't Sec.*, 321 S.W.3d 486, 488 (Mo.App. W.D.2010) (the Commission's decision, not the Division's decision or the appeals tribunal decision, is reviewed); *Murphy v. Aaron's Automotive Products*, 232 S.W.3d 616, 619 (Mo. App. S.D.2007) (when the Commission adopts the appeals tribunal decision as its own, the Court examines the appeals tribunal's decision).

3. Section 288.050.1(1) provides, *inter alia*, that a worker may be conditionally disqualified for benefits if "the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer."

4. Section 288.050.1(3) provides, *inter alia*, that a worker may be conditionally disqualified for benefits if

   the claimant failed without good cause either to apply for available suitable work

eligible to receive benefits because his "job was still available and Claimant failed to return to work[.]"

Because Employer's claim that Claimant voluntarily left work without good cause has been previously decided adversely to Employer, and Employer did not appeal that decision, we grant the Division's motion to dismiss Employer's appeal as to Point I. Employer's second point—relying on the disqualification provision of section 288.050.1(3) in asserting that Claimant's job was still available to him and that he failed to return to it—was not presented to the Commission. As a result, there is no decision by the Commission on that claim for us to review. We therefore affirm the decision of the Commission.

## Standard of Review

The Missouri Constitution directs us to consider whether the Commission's decision is "authorized by law" and "supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, sect. 18 (1945). Under section 288.210, RSMo 2000, we must affirm the decision of the Commission unless we find: "(1) [t]hat the [C]ommission acted without or in excess of its powers; (2) [t]hat the decision was procured by fraud; (3) [t]hat the facts found by the [C]ommission do not support the award; or (4) [t]hat there was no sufficient competent evidence in the record to warrant the making of the award." *See also Buckley v. Safelite Fulfillment, Inc.,* 299 S.W.3d 757, 760 (Mo.App. S.D.2009) (Mo. Const. art. V sect. 18 and section

288.210 provide the standard of review for unemployment compensation cases).

■ While we defer to the Commission's factual findings and determinations of witness credibility, *Comeaux v. Convergys Customer Mgmt. Grp., Inc.,* 310 S.W.3d 759, 762 (Mo.App. E.D.2010), "we are not bound by [the Commission's] conclusions of law or its application of law to facts." *C.N.W. Foods, Inc. v. Davidson,* 141 S.W.3d 100, 102 (Mo.App. S.D.2004).

## Background

Claimant worked for Employer as a "Ledge Worker, Crane Operator." On June 15, 2010, Claimant filed a claim for weekly unemployment compensation benefits. Employer timely protested the claim, stating in its protest letter that "[w]ork is still available" and "[t]his employee was out with medical problems. We still have his job available." Notes made by a Division of Employment Security ("the Division") deputy indicated that he had on three occasions attempted to contact Claimant by telephone, and each time he "received [a] voice message stating the number your [sic] are trying to call is not reachable."

The deputy subsequently determined, in July 2010, that Claimant was "ineligible [for benefits] from 06/13/10[5] because [Claimant] is not available for work. This ineligibility will continue as long as the above condition exists. If the above circumstances change, contact the above of-

when so directed ... or to accept suitable work when offered the claimant, either through the division or directly by an employer by whom the individual was formerly employed,.... An offer of work shall be rebuttably presumed if an employer notifies the claimant in writing of such offer by sending an acknowledgement via any form of certified mail issued by the United States Postal Service stating such offer to the

claimant at the claimant's last known address. Nothing in this subdivision shall be construed to limit the means by which the deputy may establish that the claimant has or has not been sufficiently notified of available work.

5. Although Claimant filed for benefits on June 15, 2010, June 13, 2010 was the start of the calendar week.

fice immediately." The deputy stated the following reason for that determination: "[Claimant] did not provide any information regarding their [sic] availability and ability to work to the Division when given the opportunity."

Claimant appealed the deputy's ruling to the Division's appeals tribunal ("the Appeals Tribunal"), stating in his application for review that he had "been available for work." In a letter that accompanied his application, Claimant stated that he "missed a phone call" from the Division on June 28, 2010 regarding his case because he was "unable to hear well enough to speak on a phone." In light of his claimed impairment, Claimant requested a "face to face" hearing.

### The Appeals Hearing

On September 14, 2010, the Appeals Tribunal's designated hearing officer conducted Claimant's appeal hearing. Claimant appeared in person, and Ronald Laird, a superintendent for Employer, appeared via telephone. At the beginning of the hearing, the hearing officer stated:

> The purpose of the hearing is to allow the parties to present evidence in [Claimant's] appeal. [Claimant] filed an appeal to the determination that he is ineligible from June 13, 2010, because he is not available for work. I will take evidence today and decide whether [Claimant] has demonstrated his availability for work.

The following exchange then occurred regarding questions about the purpose of or procedure for the hearing:

> [Hearing officer]: Mr. Laird, do you have any questions about the purpose or procedure?
>
> [Mr. Laird]: Yes, I've got a question.
>
> [Hearing officer]: What?

> [Mr. Laird]: [Claimant] should have reported into work every week while he was off on his medical—
>
> [Hearing officer]: Sir?
>
> [Mr. Laird]:—problems.
>
> [Hearing officer]: Sir, do you have a question about the purpose or procedure of this hearing?
>
> [Mr. Laird]: No.

Claimant's testimony was as follows. Claimant filed for unemployment compensation benefits on a weekly basis between June 13 and September 11, 2010. During that time period, he was required to make two job contacts a week in an effort to find work. Claimant testified there were "certain weeks [he] made two and sometimes three [job contacts]." Claimant made contacts that included a nursing home, Sonic, McDonalds, Pleasant Tire in Ironton, and "Jim Stricklands." Claimant had worked outside and he "wanted an inside job because [he is] getting older and the doctor says that the weather is hard on the body." He was looking for a dishwashing job or anything else, and it did not matter to him if it paid less than his previous work "as long as it fed the kids and paid the bills[.]" Claimant would be willing to take minimum wage, he would work any shift that he could get, his wife provided transportation to his job contacts, and he had no physical restrictions. Claimant received no offers of work between June 13 and September 11, 2010.

Mr. Laird provided the following testimony on behalf of Employer. Claimant had been "released from one doctor on May 25 and [Claimant] never did come back into work saying he was released from that doctor." The hearing officer asked Mr. Laird "[w]hat information do you have about [Claimant's] availability for work from June 13 through September 11?" Mr. Laird's reply was, "He was on medical leave stuff and he never did report

back in to me." Mr. Laird testified that he had no information about Claimant's physical condition after June 13, 2010. The following exchange then occurred.

[Hearing officer]: I don't have any other questions for you sir, is there anything else you would like to tell me?

[Mr. Laird]: No, all I could say is that he needed to report into work.

[Hearing officer]: Okay. Sir, you understand that's not the issue of this hearing?

[Mr. Laird]: Yes, ma'am.

When asked for any closing remarks, Mr. Laird stated, "All I—all I can say here is that he needs to bring in a doctor's release from a Doctor [unintelligible portion of transcript] or take a physical before he can report back to work. He ain't never [sic] been discharged from here."

*The Decision of the Appeals Tribunal*

On September 16, 2010, the Appeals Tribunal reversed the deputy's determination that Claimant was ineligible for benefits because he was not available for work. The Appeals Tribunal cited section 288.040.1 and stated the legal issue as "whether [Claimant] has demonstrated his availability for work from June 13, 2010 through September 11, 2010." In reaching its decision, the Appeals Tribunal found the following facts:

Division records indicate [Claimant] filed an initial claim for benefits effective June 13, 2010 and claimed benefits through September 11, 2010. [Claimant] was required to make at least two job contacts per week. [Claimant] made at least two job contacts looking for work in restaurants, at a tire facility and nursing home. [Claimant] was willing to do any type of work but he was looking for work that was inside. [Claimant] was willing to work for minimum wage and was seeking full time work. [Claim-

ant] did not receive any offers of work. [Claimant] had transportation and had no restrictions to the hours in which he was available for work. [Claimant] did not have any physical restrictions. [Employer] had no evidence as to [Claimant's] availability after June 13, 2010.

Employer appealed the decision of the Appeals Tribunal to the Commission. A letter attached to Employer's appeal form stated:

We are writing to appeal the decision that [Claimant] is eligible for unemployment benefits. [Claimant] was out of work on an approved medical leave and he never called to say he was not coming back to work. We made numerous attempts to reach [Claimant] by phone and the supervisor even went to his home to let him know that he still has a job available with our company. We do not feel that unemployment benefits should be charged to our account when there is still work available for [Claimant]. The only information that we received was that he was applying for unemployment benefits, and at that time we sent in information that [Claimant's] job was still available and is still available today.

On October 26, 2010, the Commission affirmed and adopted "the decision of the Appeals Tribunal as the decision of the Commission in this matter." This appeal timely followed.

## Analysis

*The Division's Motion to Dismiss the Appeal*

Before we address Employer's points, we must address the Division's motion to dismiss Claimant's appeal. *See Bratton v. Mitchell*, 979 S.W.2d 232, 235 (Mo.App. W.D.1998) ("It is necessary to

take up the motion to dismiss the appeal before considering the points raised on appeal"). "A case is rendered moot and should be dismissed when an event transpires causing a decision by this Court to be unnecessary or granting its relief impossible." *Shaw v. Ferguson Med. Grp., L.P.*, 121 S.W.3d 557, 558 (Mo.App. E.D. 2003). The Division's amended motion relies on section 288.200.2 [6] and alleges that "the issue of whether Claimant voluntarily left work has been decided by the Commission in another case in that a fact or issue involved in a final decision of the Commission is conclusive in all other employment security disputes concerning the parties."

The Division included an affidavit with its amended motion that states the same parties were involved in a subsequent appeal to the Commission regarding "Claimant's separation from work with Employer." In attachments to its affidavit, the Division included copies of a February 7, 2011 decision of its appeals tribunal regarding the parties which referenced a deputy's determination on December 27, 2010; a letter from Employer to the appeals tribunal regarding its concurrent appeal of the February 2011 decision; and an April 6, 2011 decision of the Commission affirming and adopting the February 2011 decision of the appeals tribunal.[7]

■ We may consider the affidavit and attachments because "[i]n deciding whether a case is moot, an appellate court is allowed to consider matters outside the record." *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001). The Division represents in its affidavit that Employer did not appeal that Commission decision. Employer did not file any counter-affidavits or any suggestions in opposition to either the Division's original or amended motion to dismiss the instant appeal.

In its February 2011 decision (subsequently adopted by the Commission), the appeals tribunal addressed section 288.050.1(1) regarding disqualification by voluntary termination without good cause. That decision found that on May 7, 2010, Claimant had a conversation with his supervisor and "[Claimant] credibly testified that during the conversation, he told the supervisor he expected to be released to return to work in two to three weeks, but the supervisor told him he was no longer needed." The Commission found that "[t]hrough no fault of his own, [Claimant's] medical condition did not permit him to work for [Employer], and his supervisor told him he was separated from work on May 7, 2010." The Commission also found that Claimant "attempted to preserve his job before May 7, 2010, by having his wife provide updates to [Employer] and providing doctors' notes" and that the testimony of Claimant's wife was more credible than

---

6. Section 288.200.2, RSMo 2000, provides, *inter alia*, that

   Any right, fact or matter in issue, directly based upon or necessarily involved in a determination or redetermination which has become final or in a decision on appeal which has become final, shall be conclusive with respect to the parties who had notice of such determination, redetermination, or decision for all the purposes of the employment security law in any other proceeding; except that, the commission may on its own motion and by a written decision reconsider any determination[.]

   See *Lockridge v. Americall Grp., Inc.*, 193 S.W.3d 836, 837–38 (Mo.App. E.D.2006) (claimant cannot appeal commission's prior decision that employee committed misconduct in an appeal of the decision regarding the amount of overpaid benefits).

7. The October 2010 and February 2011 appeals tribunal decisions were authored by different referees. The deputy's determination from December 27, 2010 was not included with the affidavit.

the supervisor's testimony on this point. The Commission determined that Claimant was "not disqualified for benefits by reason of [Claimant's] involuntary separation from work[.]"

Because the Commission has already decided this issue against Employer, and Employer did not appeal that decision, we cannot revisit the question of whether Claimant voluntarily quit his job with Employer and thereby failed to satisfy the requirements of section 288.050.1(1). If Employer believed that the Commission erred in its previous factual finding on that question, its "remedy [was] by way of appeal of that proceeding." *Vallejo by Vallejo v. Osco Drug, Inc.,* 851 S.W.2d 533, 535 (Mo.App. W.D.1993).

The Commission's February 2011 decision did not, however, specifically address section 288.050.1(3), the statute under which an employee may be disqualified from receiving benefits by refusing a former employer's offer of employment. The Division's motion does not specifically suggest a basis for dismissing a point raising section 288.050.1(3) (disqualification by subsequent employment offer) when the issue previously decided by the Commission related to section 288.050.1(1) (disqualification by voluntary termination without good cause). The Division instead attempts to lump the two together, stating that "[t]he Commission[, in its April 2011 decision] decided the sole allegation raised in [Employer's] brief, and found that [Employer] discharged Claimant."

Employer's second point cites section 288.050.1(3) and asserts that "Employer presented uncontroverted evidence that it informed Claimant that his job was still available and Claimant failed to return to work[.]" Whether Claimant was disqualified from receiving benefits under section 288.050.1(3) was not determined by the Commission in its April 2011 decision. As a result, Claimant's motion to dismiss Employer's appeal is granted as to Point I, but it is denied as to Point II.

### Point II: Disqualification via Offer of Employment By Former Employer Not Preserved for Review

■ Employer's second point contends that "Claimant was not eligible for benefits under § 288.050.1(3)" and asserts "that Employer presented uncontroverted evidence that it informed Claimant that his job was still available and Claimant failed to return to work and the Commission's finding that Claimant is eligible for benefits is therefore not supported by sufficient competent evidence and is against the overwhelming weight of the evidence." Because section 288.050.1(3)'s disqualification provision does not control an eligibility decision under section 288.040 and the issue of disqualification was not presented to and decided by the Commission, it is not preserved for our review.

Employer cites no authority for the proposition that a section 288.040.1 eligibility decision necessarily involves a section 288.050.1(3) disqualification decision. As the Division points out, disqualification from receiving benefits is a separate issue from a worker's eligibility for weekly benefits under section 288.040. *See Heavy Duty Trux Ltd. v. Labor & Indus. Relations Comm'n,* 880 S.W.2d 637, 644–46 (Mo.App. W.D.1994) (where the issue of disqualification was the matter to be decided and eligibility was not). The two issues "must be determined separately." *Placzek v. Division of Emp't Sec.,* 49 S.W.3d 717, 720 (Mo.App. S.D.2001).

■ Generally, "[a]n issue appropriate for, but not addressed with the commission, cannot be litigated on appeal." *St. John's Mercy Health Sys. v. Division of Emp't Sec.,* 273 S.W.3d 510, 516 (Mo. banc

2009). "This Court may only address issues that were determined by the Commission and may not consider issues not before the Commission." *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D.2004)

In *Placzek,* the Commission decided the claimant was not disqualified under section 288.050 for refusing a suitable offer of work from a former employer, but it did not address claimant's eligibility under section 288.040.1. 49 S.W.3d at 720. Availability for work was not addressed in the deputy's determination. When the deputy's decision was then appealed to the appeals tribunal, the claimant's availability for work was not addressed either during the hearing or in the resulting decision. *Id.* We declined to "convict the Commission of error in these circumstances." *Id.* The same analysis applies here even though the issues addressed and not addressed are the opposite of what occurred in *Placzek.*

Employer's original protest asserted that Claimant "was out with medical problems" and that his job was still available to him. But the deputy's July 2010 determination addressed only Claimant's eligibility for benefits under section 288.040. While the deputy's determination included the informational statement that "a disqualification for discharge" could end if Claimant had other sufficient insured work after discharge, it contained no findings regarding any actual disqualification resulting from a refusal of a suitable offer of employment by a former employer and it made no reference to section 288.050. If Employer believed the disqualification issue should have been addressed and decided by the deputy, it could have appealed the deputy's ruling to the Appeals Tribunal. Employer did not do so.

The Appeals Tribunal's hearing officer informed the parties that the purpose of the appeal hearing was "to allow the parties to present evidence in [Claimant's] appeal." Thereafter, the Appeals Tribunal would decide "whether [Claimant] has demonstrated his availability for work." When asked whether he understood that reporting during medical leave was not the issue of the hearing, Mr. Laird said that he did, and he did not ask for any expansion of the matters to be considered at the hearing.

After the Appeals Tribunal reversed the decision of its deputy and found that Claimant was eligible for benefits, Employer appealed its decision to the Commission. In the letter that accompanied that notice of appeal, Employer specifically stated that it was appealing the Appeals Tribunal's decision that Claimant was eligible for benefits. The appeal notice and accompanying letter did not assert that Claimant was disqualified from receiving benefits or reference section 288.050.1(3).

Because Employer's assertion that Claimant was disqualified from receiving benefits based on a suitable offer of employment by a former employer was not presented to and decided by the Commission, we cannot address it in this appeal. Point II is denied, and the decision of the Commission is affirmed.

RAHMEYER and LYNCH, JJ., Concur.