# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4316

_____

United Food and Commercial     *
Workers' Union Local No. 655,     *
    *
         Plaintiff-Appellee,     *
    *    Appeal from the United States
      v.     *    District Court for the Eastern
    *    District of Missouri.
St. John's Mercy Health Systems,     *
doing business as St. John's     *
Mercy Medical Center,     *
    *
         Defendant-Appellant.     *

_____

Submitted: May 19, 2006
Filed: May 24, 2006

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

The United Food and Commercial Workers' Union Local 655 (the union) brought this action to enforce an arbitration award against St. John's Mercy Medical Center (the Medical Center). The award required the Medical Center to discharge seventy-three nurses and to pay the union the overdue fees and dues the nurses had

failed to remit. The district court[1] granted summary judgment confirming the award, and the Medical Center appeals. We affirm.

The Medical Center is owned and operated by St. John's Mercy Health Systems, and the union is the exclusive bargaining representative for the 1400 registered nurses who work there. The union and the Medical Center were parties to a collective bargaining agreement (CBA) that was effective through October 22, 2004. The union security provisions of the CBA required all registered nurses as a condition of continued employment to become members of the union and pay dues.[2] If nurses failed to comply with these requirements, the Medical Center was obligated to discharge them upon the union's request. Under the CBA disputes are to be resolved by an arbitrator.

In December 2003 arbitrator Thomas Cipolla heard a grievance between the parties. The union complained that the Medical Center had violated the union security provisions of the CBA by refusing to discharge seventy three registered nurses who had not paid their union fees or dues. The Medical Center responded that it had not been given adequate notice by the union and that dismissal of the nurses would violate public policy because it would render the hospital unable to meet patient needs. The arbitrator ruled in favor of the union, rejected the Medical Center's public policy argument in light of the strict language of the CBA, and ordered the Medical Center to discharge the nurses. He also ordered the Medical Center to pay the overdue union dues and fees of the nurses.

The Medical Center did not comply with the award, and the union filed an unfair labor practices complaint with the National Labor Relations Board (NLRB).

_____

[1] The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[2] The parties have since entered into a new CBA which allows nurses to opt out of union membership.

The NLRB rejected the Medical Center's public policy defense and found that it had engaged in unfair labor practices by failing to discharge the registered nurses.

The union also filed an action in the federal district court to confirm the arbitration award and immediately moved for summary judgment. The Medical Center relied on the Missouri Hospital Licensing Law and the Missouri Nursing Practice Act to argue that public policy prevented it from complying with the terms of the CBA. It also alleged that the arbitrator had exceeded his authority by ordering it to pay the overdue fees and dues. Although the district court agreed that there is a public policy to promote quality healthcare in Missouri, it determined that enforcing the arbitration award would not violate that policy since neither of the cited statutes contain specific guidance or standards on the number of nurses required to ensure quality healthcare. The court also concluded that the Medical Center had not met its burden to prove that enforcement of the arbitration award would contravene public policy, noting that its expert provided only broad generalizations, that it had a lower nurse vacancy rate than the state average, and that it had coped with a strike of more than one hundred nurses in December 2004 without violating the asserted public policy. The court also rejected the Medical Center's claim that the arbitrator exceeded his authority and confirmed the award based on its limited ability to review the merits of the arbitrator's decision.

Although grants of summary judgment are reviewed de novo, MidAmerican Energy Co. v. Int'l Bhd. of Electrical Workers Local 499, 345 F.3d 616, 619 (8th Cir. 2003), our review of an arbitration award is very narrow. Union Pac. R.R. Co. v. Sheehan, 439 U.S. 89, 91 (1978). The award must be confirmed so long as the arbitrator "is even arguably construing or applying the agreement" even if the court thinks that his interpretation of the agreement is in error. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987). An award should of course not be enforced if it would violate some explicit public policy. W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber Workers, 461 U.S. 757, 766 (1983).

-3-

The Medical Center argues that the Missouri Hospital Licensing Law, Mo. Rev. Stat. § 197.289, and the Missouri Nursing Practice Act, Mo. Rev. Stat. §§ 335.011-335.257, provide public policy grounds on which to reverse the arbitrator's decision. Because the Medical Center has raised the public policy defense, it must prove not only that these statutes evince an explicit public policy but also that enforcement of the arbitration award would violate that policy. Misco, 484 U.S. at 43.

St. John's brought an earlier action challenging the decision of the NLRB on the union's unfair labor practices complaint, raising the same issues and relying on the same two Missouri statutes. St. John's Mercy Health Systems v. Nat'l Labor Relations Bd., 436 F.3d 843 (8th Cir. 2006). In that case we concluded that "there is no Missouri statute that prohibits the enforcement of a union-security provision or the discharge of nurses." Id. at 847. We held that the Missouri Hospital Licensing Law, which requires "adequate nurse staffing that will meet the needs of patients," does not describe what constitutes the minimum number of nurses and fails to provide enough specificity to evince a public policy that could conflict with the arbitration award. Id. We concluded that the Missouri Nursing Practice Act, which regulates licensed nurses and determines the scope of their practice, offers "even less support" than the Licensing Law for a public policy defense. Id. at 847 n.6. Because the Medical Center has not shown an explicit public policy that would be violated by the enforcement of the arbitration award, we conclude that the district court did not err in denying the Medical Center's public policy defense.

The Medical Center also complains that the district court erred in ruling that the arbitrator did not exceed his authority by ordering it to pay the unpaid dues and fees of the nurses. It argues that under the CBA the obligation to pay fees and dues is on the nurses rather than the Medical Center, but it fails to recognize that this court cannot reject an award because the arbitrator misread the contract or the remedy imposed for a party's breach of a CBA. Misco, 484 U.S. at 38; Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960). It is common practice in union

security cases for an arbitrator to award monetary relief in order to place the parties in the position they would have been absent the breach and to require that relief come from the employer rather than the employees. <u>See</u> Elkouri & Elkouri, <u>How Arbitration Works</u> 1202 (6th ed. 2003). We therefore conclude that the district court did not err in concluding that the arbitrator acted within his authority in awarding monetary relief.

Accordingly, the judgment of the district court is affirmed.

_____