# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3353

_____

| | | |
|---|---|---|
| Raymond Winfrey; Richard Jones; | * | |
| Cathy Jones; Lonnie Osman; Dewey | * | |
| Drummond; Connie Drumond; | * | |
| Mark Pense; Shalane Pense; Gerald | * | |
| Provence; Denise Provence; Dwain | * | |
| Kelly, | * | |
| | * | Appeal from the United States |
| Appellees, | * | District Court for the |
| | * | Western District of Arkansas. |
| v. | * | |
| | * | |
| Simmons Food, Inc., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 11, 2007
Filed: July 19, 2007

_____

Before LOKEN, Chief Judge, ARNOLD and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Simmons Foods appeals the order of the district court[1] confirming an arbitration award against it in a dispute with its poultry growers. The district court rejected

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Simmons's petition to vacate the award under 9 U.S.C. § 10(a)(2) for arbitrator bias. We affirm.

## I.

A group of poultry growers that included Raymond Winfrey sued Simmons for damages under the Packers and Stockyards Act, *see* 7 U.S.C. § 192(a). The district court ordered the parties to submit to arbitration in accordance with the arbitration clause in their contract. That clause provided among other things, that "each party shall appoint one arbitrator" and that these arbitrators "shall jointly appoint a third arbitrator."

Consistent with the agreement, the growers selected J. Dudley Butler as their party-appointed arbitrator and Simmons selected Frank Hamlin. More than nine months later, Simmons first raised an objection to Mr. Butler's selection on the ground that he was biased, and it later moved the district court for an order removing him from the arbitration panel. The court denied the motion, ruling that the issue was for the panel to decide in the first instance, and it ordered the parties to proceed with arbitration. Simmons later learned that Mr. Butler had previously represented the poultry growers in litigation against poultry companies and had testified on behalf of growers before a subcommittee of the United States Senate.

Before arbitration of the dispute began, Simmons substituted John Everett for Mr. Hamlin as its party arbitrator. Mr. Butler and Mr. Everett then selected Mr. Hamlin as the third arbitrator. The arbitration panel twice rejected Simmons's allegation that Mr. Butler should be removed because of bias. The panel concluded that the arbitration clause did not require the party-selected arbitrators to be neutral and that the arbitrators were "properly appointed pursuant to the arbitration clause in question and [were] qualified to serve and decide all issues in this matter."

After a hearing, the arbitrators unanimously awarded the poultry growers $510,000 in damages. The growers petitioned the district court to confirm the award, and Simmons moved to vacate it on the grounds of Mr. Butler's alleged bias and failure to disclose his connections with the growers. The district court confirmed the award and entered judgment for the growers on the award.

## II.

We review the district court's factual findings for clear error and its holdings of law *de novo*. *Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003), *cert. denied*, 540 U.S. 1180 (2004). Our review is restricted by the great deference accorded arbitration awards. "The award must be confirmed so long as the arbitrator 'is even arguably construing or applying the [agreement]' even if the court thinks that his interpretation of the agreement is in error." *United Food & Commercial Workers' Union Local 655 v. St. John's Mercy Health Sys.*, 448 F.3d 1030, 1032 (8th Cir. 2006) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)) (alteration in *United Food*).

Simmons argues that the district court should have vacated the award under the Federal Arbitration Act's provision that allows a court to vacate an award where one or more arbitrators had "evident partiality," 9 U.S.C. § 10(a)(2). We disagree: Where an agreement entitles the parties to select interested arbitrators, "evident partiality" cannot serve as a basis for vacating an award under §10(a)(2) absent a showing of prejudice.

As we have observed in a previous case, the "parties to an arbitration choose their method of dispute resolution, and can ask no more impartiality than inheres in the method they have chosen." *Delta Mine Holding Co. v. AFC Coal Properties*, 280 F.3d 815, 821 (8th Cir. 2001) (internal quotations marks and citation omitted), *cert. denied*, 537 U.S. 817 (2002). "[W]here the parties have expressly agreed to select partial party

arbitrators, the award should be confirmed unless the objecting party proves that the arbitrator's partiality prejudicially affected the award." *Id.*

The arbitration panel twice concluded that the party's arbitration contract did not require the party's selected arbitrators to be neutral. Because "contract interpretation is left to the arbitrator," *Inter-City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184, 187 (8th Cir. 1988), the district court should defer to that interpretation "so long as the arbitrator is even arguably construing or applying the contract." *Schoch,* 341 F.3d at 788 (internal quotations and citations omitted).

The district court did not err in deferring to the arbitration panel's interpretation of the contract because this interpretation is consistent with the text of the agreement. The contract provides for a tri-partite arrangement under which each party selects one arbitrator. The contract does not require a party-selected arbitrator to be neutral. It also does not mandate disclosures or provide either party the right to strike the other's appointed arbitrator. Furthermore, the parties signed an addendum to the contract that also contains no neutrality requirement for the party-appointed arbitrators. Tellingly, it designates Mr. Hamlin as the sole "neutral" arbitrator.

Simmons's actions, moreover, are consistent with the arbitration panel's interpretation of the contract. Simmons's legal counsel referred to the third arbitrator (but to neither of the party-selected arbitrators) as "neutral" in a letter that he sent. Simmons did not object to Mr. Butler's selection or request any disclosures from him when he was initially selected or for almost eleven months thereafter.

Further, as Mr. Hamlin (the neutral arbitrator) stated, it is industry custom that party arbitrators are frequently not required or expected to be neutral for ruling on disputes. In a letter to counsel for both parties (written while he was Simmons's party arbitrator), he asserted that "when a clause is normally drafted in this manner, each party is most likely to select someone that ... might see the case a little more from the

perspective of the party that appointed the Arbitrator." *See also Sphere Drake Ins. Ltd. v. All American Life Ins. Co.*, 307 F.3d 617 (7th Cir. 2002), *cert. denied*, 538 U.S. 961 (2003).

Simmons argues that Mr. Butler's failure to disclose the extent of his relationship with the growers creates an impermissible appearance of bias, thus requiring that the award be vacated. We disagree. There is no requirement that party-appointed arbitrators make any disclosures to the parties. Simmons mistakenly relies on the Supreme Court's decision in *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145 (1968), which vacated an arbitration award because "the supposedly *neutral* member" of a three-member arbitration panel failed properly to disclose his business connections with one of the parties. *Id.* at 146, 150 (emphasis added). The requirement that neutral arbitrators make disclosures does not extend to party-appointed arbitrators. The other cases cited by Simmons in its brief for its argument to the contrary are inapposite because none of them involves an arbitration provision, such as the one in this case, that provides for partial, party-selected arbitrators. *See, e.g., University Commons-Urbana, Ltd. v. Universal Constructors, Inc.*, 304 F.3d 1331, 1334 (11th Cir. 2002); *Schmitz v. Zilveti*, 20 F.3d 1043, 1045 (9th Cir. 1994).

Even assuming that Mr. Butler exhibited "evident partiality," Simmons has the burden under our case law to show that this partiality had a prejudicial impact on the arbitration award. *See Delta Mine*, 280 F.3d at 821. Reviewing the issue *de novo*, we agree with the district court's conclusion that Simmons failed to meet this burden. Simmons presents no evidence indicating that Mr. Butler's partiality deceived or misled the other two arbitrators, prejudiced Simmons's ability to present its case, or in any way affected the award to which the arbitrators agreed unanimously. The mere possibility of prejudice is insufficient to justify setting aside the award.

III.

For the reasons stated, we affirm the district court's decision.

_____

-5-