ST. JOHN'S MERCY HEALTH SYSTEM, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, et al., Respondents.

No. SC 89152.

Supreme Court of Missouri, En Banc.

Jan. 13, 2009.

---

Julie A. Bregande, Lowenbaum Partnership, L.L.C., St. Louis, for Appellant.

Janine M. Martin, Richard Shinners, Hammond, Shinners, Turcotte, Larrew & Young, P.C., St. Louis, Matthew Heeren, Larry R. Ruhmann, Dept. of Labor & Industrial Relations, Div. of Employment Security, Jefferson City, for Respondents.

## I.  Introduction

WILLIAM RAY PRICE, JR., Judge.

St. John's Mercy Health System (St. John's) seeks review of the Labor and Industrial Relations Commission's (commission) decision that nurses (claimants) are eligible for benefits during a strike. This Court has jurisdiction because the validity of a statute is challenged.  Mo. Const. art. V, section 3.

The commission's decision is affirmed. Claimants meet the requirements of section 288.040.6(2) [1] to receive unemployment

---

1.  All statutory references are to RSMo 2000, unless otherwise noted.

Section 288.040.6, RSMo 2000, states:

(1) A claimant shall be ineligible for waiting week credit or benefits for any week for which the deputy finds that such claimant's total or partial unemployment is due to a stoppage of work which exists because of a labor dispute in the factory, establishment or other premises in which such claimant is or was last employed. . . .

(2) "Stoppage of work" as used in this subsection means a substantial diminution of the activities, production or services at the establishment, plant, factory or premises of the employing unit.  **This definition shall**

benefits while they were on strike because St. John's was found guilty of an unfair labor practice for an "act or actions preceding or during the strike."

## II. Facts and Procedure

Claimants are registered nurses at St. John's and belong to United Food and Commercial Workers Local 655 (union). The October 2001 collective bargaining agreement's union security clause required nurses to join the union and pay dues as well as required St. John's to discharge non-compliant nurses upon receiving written notice from the union. Beginning in February 2002, when the dues obligation became effective, the union sent St. John's monthly notices of non-compliant nurses and St. John's refused to discharge those nurses. As a result, the union filed four unfair labor practice charges against St. John's.

The first charge, in April 2002, alleged St. John's had not discharged non-compliant nurses after receiving notice. The charge was submitted to arbitration. In April 2003, the arbitrator sustained the charge, and St. John's was directed to discharge non-compliant nurses and reimburse the union for lost dues.

The second charge, in August 2003, alleged St. John's was not giving the collective bargaining agreement effect by failing to discharge non-compliant nurses. This charge also was submitted to arbitration.

In April 2004, another arbitrator again ordered St. John's to comply with the union security clause, to discharge non-compliant nurses, and to reimburse the union for lost dues. At this time, St. John's refused to discharge the nurses because of the detrimental impact on the hospital. The union filed a complaint in federal court to enforce the arbitration award. The district court entered summary judgment for the union and the U.S. Court of Appeals for the Eighth Circuit affirmed.[2]

The third charge, in April 2004, alleged St. John's failed to bargain in good faith by not complying with the arbitration decisions. A hearing with an administrative law judge (ALJ) was held in September 2004. On December 6, 2004, the ALJ found St. John's violated the collective bargaining agreement by not discharging non-compliant nurses as the union security clause required. The National Labor Relations Board (NLRB) affirmed the ALJ's recommended order in March 2005.[3] The Eighth Circuit Court of Appeals affirmed the NLRB finding that St. John's committed an unfair labor practice.[4]

The fourth charge, filed on December 6, 2004, alleged St. John's failed to bargain in good faith during negotiations to renew the collective bargaining agreement. In April 2005, the regional director dismissed the claim for lack of merit.

On December 4, 2005, while negotiating a new collective bargaining agreement,

not apply to a strike where the employees in the bargaining unit who initiated the strike are participating in the strike. Such employees shall not be eligible for waiting week credit or benefits during the period when the strike is in effect, regardless of diminution, unless the employer has been found guilty of an unfair labor practice by the National Labor Relations Board or a federal court of law for an act or actions preceding or during the strike. (Emphasis added).

**2.** *United Food & Commercial Workers' Union Local No. 655 v. St. John's Mercy Health Systems,* 448 F.3d 1030 (8th Cir.2006).

**3.** *St. John's Mercy Health System and United Food & Commercial Workers Union Local 655,* 344 N.L.R.B. 391 (2005).

**4.** *St. John's Mercy Health Systems v. NLRB,* 436 F.3d 843 (8th Cir.2006).

claimants gave notice of their intent to strike. Claimants were on strike from December 15, 2004, to January 21, 2005.

In January 2005, claimants filed for unemployment compensation benefits. A deputy with the division of employment security found claimants ineligible because unemployment resulted from a strike and a final decision on the unfair labor practice charges had not been made. The deputy's decision was reversed by the appeals tribunal because the NLRB found St. John's guilty of an unfair labor practice prior to the strike and the ineligibility provisions of section 288.040.6(2) did not apply. The appeals tribunal decision was issued in November 2006, which was after the NLRB issued its decision. In July 2007, the commission affirmed the appeals tribunal decision with modifications to the dates claimants were eligible for benefits.

St. John's appealed the commission's decision to the court of appeals, which transferred the case to this Court because the validity of a statute is involved. Mo. Const. art. V, sec. 11.

### III. Standard of Review and Statutory Construction

■ On appeal, the commission's decision is reviewed. Section 288.210. The Court's review is confined to questions of law. *Id.* Factual findings are conclusive when "supported by competent and substantial evidence and in the absence of fraud." *Id.* The commission's decision may be modified, reversed, remanded, or set aside upon this Court finding the commission lacked or exceeded its power, the decision was acquired by fraud, the award was not supported by facts, or the record lacked sufficient competent evidence to support the award. *Id.*

■ Chapter 288 is construed liberally, section 288.020.2, which requires a "fair and reasonable construction," *O'Dell v.*

*Div. of Employment Sec.,* 376 S.W.2d 137, 141–42 (Mo.1964). Disqualifying provisions are construed strictly "against the disallowance of benefits." *Mo. Div. of Employment Sec. v. Labor & Indus. Relations Comm'n,* 651 S.W.2d 145, 148 (Mo. banc 1983). The statute's words are given their plain and ordinary meaning. *O'Dell,* 376 S.W.2d at 142.

### IV. Analysis

This Court will consider four issues raised by St. John's.

#### A. Preemption

■ State laws regulating or prohibiting conduct protected by the National Labor Relations Act (NLRA) are preempted. *N.Y. Tel. Co. v. N.Y. State Dep't of Labor,* 440 U.S. 519, 528–29, 99 S.Ct. 1328, 59 L.Ed.2d 553 (1979). State courts do not have jurisdiction over unfair labor practices, as those claims are preempted by the NLRA. *Swope v. Emerson Elec. Mfg. Co.,* 303 S.W.2d 35, 39 (Mo.1957).

■ States may make policy decisions regarding unemployment benefits. *Baker v. General Motors Corp.,* 478 U.S. 621, 634, 106 S.Ct. 3129, 92 L.Ed.2d 504 (1986). The payment of unemployment compensation to employees on strike is not addressed in the NLRA or Social Security Act, which shows Congress intended states to have this power. *Id.* (citing *N.Y. Tel. Co.,* 440 U.S. at 544, 99 S.Ct. 1328). The Supreme Court has found state laws providing unemployment benefits to striking employees are not preempted. *See Baker,* 478 U.S. 621, 106 S.Ct. 3129, *N.Y. Tel. Co.,* 440 U.S. 519, 99 S.Ct. 1328.

Section 288.040.6(2) provides unemployment benefits to employees on strike when the employer has been found guilty of an unfair labor practice. It does not determine if a violation occurred, as that is

determined by the NLRB or a federal court. Section 288.040.6(2). As states have the power to provide unemployment benefits to employees on strike, section 288.040.6(2) is not preempted by the NLRA.

### B. Section 288.040.6

▆▆▆ Section 288.040.6(2) provides unemployment benefits when the actions constituting an unfair labor practice were "preceding or during the strike." There must be a causal connection between the strike and an unfair labor practice. *NLRB v. Midwestern Personnel Servs., Inc.*, 322 F.3d 969, 979 (7th Cir.2003). An unfair labor practice strike occurs when "employees are motivated in part by unfair labor practices." *Id.* at 977.

At the time claimants went on strike, St. John's unfair labor practices for failing to comply with the collective bargaining agreement by not discharging non-compliant nurses had been ongoing for over two and a half years. The record provides evidence that claimants went on strike because of the failing collective bargaining negotiations, including disagreements over the union security clause, wages, and benefits. Claimants also produced evidence that they were motivated to strike, in part, in response to the ongoing unfair labor practices.[5]

The section also requires a finding of guilt by the NLRB or a federal court. Section 288.040.6(2). It does not require the finding to occur prior to the strike or for all appeals to be exhausted. *See id.* A finding of guilt was determined by the ALJ and upheld by the NLRB[6] and the Eighth Circuit Court of Appeals.[7]

Claimants meet the requirements of section 288.040.6(2) because the unfair labor practice occurred prior to the strike, was causally connected to the strike, and there was a finding of guilt.

### C. Equal Protection

▆▆▆ St. John's argues that section 288.040.6(2) violates the equal protection clauses of the federal and state constitutions.[8] So long as a statutory classification does not involve a suspect class or a fundamental right, it only needs to be "rationally related to a legitimate state interest" to comply with the equal protection clauses. *United C.O.D. v. State*, 150 S.W.3d 311, 313 (Mo. banc 2004). It is presumed that statutes are constitutional. *Id.*

The unfair labor practice clause serves a legitimate interest. It seeks to prevent employers from engaging in unfair labor practices by providing striking employees with unemployment benefits. Without this provision, employees must choose between allowing the unfair labor practice to continue in order to be paid and striking to end the practice without any compensation. It also can be said that striking employees are unemployed as a result of the employer's actions; therefore, they are eligible for unemployment benefits because

---

5. A former union member testified at the appellate tribunal hearing that striking nurses were instructed to include the unfair labor practices as a reason for striking when applying for unemployment benefits. A union publication admitted into evidence indicated the same.

6. *St. John's Mercy Health System and United Food & Commercial Workers Union Local 655,* 344 N.L.R.B. 391 (2005).

7. *St. John's Mercy Health Systems v. NLRB,* 436 F.3d 843 (8th Cir.2006).

8. St. John's did not raise the federal equal protection argument in the notice of review to the commission. The claim is considered only because the same analysis is applied for federal and state equal protection challenges. *Weinschenk v. State*, 203 S.W.3d 201, 210 (Mo. banc 2006).

they are unemployed through no fault of their own. *See* section 288.020.1. Section 288.040.6(2) is rationally related to a legitimate government interest and does not violate the federal and state equal protection clauses.

### D.  Deputy Determination

■ One issue not considered is whether the ruling is valid without a deputy determining claimants' total or partial eligibility. An issue appropriate for, but not addressed with the commission, cannot be litigated on appeal. *Donovan v. Temp. Help,* 54 S.W.3d 718, 719 (Mo.App.2001). St. John's did not include the issue in the application for review to the commission and the commission did not address the issue. The issue first was raised in the notice of appeal filed with the court of appeals.

Litigants are bound to raise all issues in a timely manner. Failure to do so increases the expense and length of time necessary to resolve legal proceedings. Here, claimants filed for benefits in January 2005, four years ago. There can be no excuse for failure to raise these basic issues in the initial phase of this dispute, nor for failing to preserve them prior to appeal in the court of appeals.

St. John's points to *Blue Hills Homes Corp. v. Young,* 80 S.W.3d 471 (Mo.App. 2002), and claimants point to *Chemtech Indus., Inc. v. Labor & Indus. Relations Comm'n,* 617 S.W.2d 121 (Mo.App.1981), as authority. Both cases arose in different factual and procedural circumstances. To the extent that they are inconsistent with this opinion, they are not to be followed.[9]

9. The unfair labor provision in section 288.040.6(2) may not require section 288.040.1 criteria to be met. Section 288.040.6(2) simply provides that a striking employee is eligible for benefits when "the employer has been found guilty of an unfair

The issue was not properly preserved for appeal and is not determined by this Court.

### V.   Conclusion

The commission's decision is affirmed. Claimants are eligible for unemployment benefits under section 288.040.6(2).

STITH, C.J., TEITELMAN, RUSSELL, WOLFF and BRECKENRIDGE, JJ., and PEACE, Sp.J., concur. FISCHER, J., not participating.

labor practice by the National Labor Relations Board or a federal court of law for an act or actions preceding or during the strike." Section 288.040.6(2). This issue need not be reached for the reasons noted above.