Ini WATSON, Employee/Appellant,

v.

LADELLE INVESTMENT COMPANY, INC, Employer/Respondent,

and

Division of Employment Security.

No. ED 99500.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 12, 2013.

Ini Watson, Florissant, MO, pro se for Appellant.

Robert Pennell, Manchester, MO, Larry Ruhmann, Jefferson City, MO, for Respondent.

LISA S. VAN AMBURG, Judge.

## INTRODUCTION

Claimant Ini Watson appeals the order of the Labor and Industrial Relations Commission ("Commission") disqualifying her from receiving unemployment benefits until she has earned wages from insured work equal to six times her weekly benefit amount after June 21, 2012. The Commission concluded that Watson was ineligible for benefits, because her employer Ladelle Investment Company Inc. ("Ladelle") discharged her for misconduct connected to work. On appeal, Watson argues that the Commission erred, because Ladelle failed to present competent and substantial evidence that she willfully disregarded her employer's expectations by: (1) failing to use a gait belt to manually move a patient as required by her employer's Riles, resulting in injury to a patient, or (2) lying to her employer during the subsequent investigation.

We hold that the Commission erred by concluding that Watson's failure to use a gait belt was misconduct. Nevertheless, we affirm the Commission's order, because Watson did commit misconduct by lying during the investigation into the patient's injury.

## FACTS

From December 12, 2011, to June 20, 2012, Watson worked as a certified nursing assistant for Ladelle, a long term care facility. Ladelle had in place a policy requiring that employees manually lift or move patients only in accordance with instructions contained in a transfer list located at nurses' stations throughout the facility. The list instructed that employees should use a safety device called a gait belt when moving certain patients. Ladelle provided Watson with training regarding the transfer list and the use of a gait belt.

On June 17, 2012, Watson attempted to move a patient without using a gait belt as required by the list. As a result, the patient fell and split open his left ear, requiring a trip to the hospital and five stitches. Ladelle's director of nursing commenced an investigation, and initially suspended Watson for three days. During the investigation, Watson falsely claimed both to her supervisor and on an investigative report form that she had used a gait belt. Upon discovery of these misrepresentations, the director of nursing permanently terminated Watson.

Watson filed for unemployment benefits on September 9, 2011. Ladelle protested the claim, and a deputy from the Missouri Department of Employment Security determined that Watson was ineligible for benefits until she has earned wages from insured work equal to six times her weekly

benefit amount after June 21, 2012, because she was terminated for misconduct. Watson appealed the deputy's decision to the Missouri Department of Employment Security Appeals Tribunal, and the Tribunal affirmed the deputy's determination of misconduct. Watson appealed the Tribunal's decision to the Labor and Industrial Relations Commission, and the Commission affirmed the Tribunal. This appeal follows.

## DISCUSSION

Watson argues that the Commission's finding of misconduct was not supported by competent and substantial evidence that she willfully disregarded her employer's expectations. Specifically, she contends that the evidence does not show that she willfully: (1) failed to use a gait belt when manually moving a patient as required by her employer's rules, or (2) lied to her employer during the subsequent investigation.

█ Our review of an order of the Commission is governed by section 288.210, R.S.Mo. (2000), which states:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

"This Court defers to the Commission on issues involving the credibility of witnesses and the weight given to testimony, but in so doing it does *not* view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award." *Fendler v. Hudson Servs.*, 370 S.W.3d 585, 588 (Mo. banc 2012) (citations omitted) (internal quotation marks omitted). We "review[ ] questions of law de novo, and 'whether the Commission's findings support the conclusion that a claimant engaged in misconduct connected with his or her work is a question of law.'" *Id.* at 588–89 (quoting *Tenge v. Washington Grp. Int'l, Inc.*, 333 S.W.3d 492, 496 (Mo.App. E.D.2011)).

█ Unemployment benefits are generally not available to an employee who is fired for misconduct connected with her work.[1] § 288.050.2, R.S.Mo. (Cum.Supp. 2011). Section 288.030.1(23), R.S.Mo. (Cum.Supp.2011), defines "misconduct" as:

an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial

---

1. Section 288.050.2 states, in pertinent part: If a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits, and no benefits shall be paid nor shall the cost of any benefits be charged against any employer for any period of employment within the base period until the claimant has earned wages for work insured under the unemployment laws of this state or any other state as prescribed in this section.

disregard of the employer's interest or of the employee's duties and obligations to the employer.

"Each of the criteria for finding misconduct has an element of culpability or intent." *Williams v. Enterprise Rent–A–Car Shared Servs., LLC,* 297 S.W.3d 139, 142 (Mo.App.E.D.2009). To establish misconduct, an employer bears the burden of proving by a preponderance of the evidence "that the employee deliberately or purposefully erred." *Wooden v. Div. of Emp't Sec.,* 364 S.W.3d 750, 753 (Mo.App. W.D.2012).

■ Here, the Commission erred as a matter of law by concluding that Watson committed misconduct under section 288.030.1(23) by failing to use a gait belt. The Commission concluded that Watson committed misconduct, because she "knew [her] employer's expectations about checking the transfer list [and] using the gait belt.... [and] knowingly and intentionally disregarded such expectations." Yet, in support of its finding of "knowing" and "intentional" disregard, the Commission only notes that Watson "had no explanation for not checking the transfer list," and was not credible in testifying that "she had no intent to violate any rules or standards.... [and] only used poor judgment." Such meager substantiation is insufficient to support a finding of misconduct. "[T]here is a 'vast distinction' between conduct that would justify an employer in terminating an employee and conduct that is misconduct for purposes of denying unemployment benefits." *Williams,* 297 S.W.3d at 144 (citation omitted). Under section 288.030.1(23), an employee's malfeasance must be "wanton," "willful," or "deliberate." § 288.030.1(23). It must be characterized by "manifest culpability," "wrongful intent," or "evil design." *Id.* Accordingly, a finding of misconduct requires no small degree of blameworthiness. *Cf. St. John's Mercy Health Sys. v. Div. of Emp't Sec.,* 273 S.W.3d 510, 514 (Mo. banc 2009) ("Disqualifying provisions are construed strictly 'against the disallowance of benefits.'" (quoting *Mo. Div. of Emp't Sec. v. Labor & Indus. Relations Comm'n,* 651 S.W.2d 145, 148 (Mo. banc 1983))).

■ Simply knowing an employer's rule and failing to follow it—especially in regard to an insolated incident, as was the case here—does not rise to the level of misconduct identified by section 288.030.1(23). Rather, we hold as a matter of law that a finding of misconduct requires substantial and competent evidence of the employee's culpable mental state. When Watson provided no explanation for her error, it was not the place of the Commission to interject a malicious one. Thus, the Commission erred as a matter of law by concluding that Watson, committed misconduct under section 288.030.1(23) by failing to use a gait belt.

■ Nevertheless, we affirm the Commission's order, because Watson did commit misconduct under section 288.030.1(23) by lying to her employer. The record shows Watson attempted to move a patient without a gait belt, and the patient was injured as a result. During the ensuing investigation, Watson falsely claimed both to her supervisor and on an investigative report form that she had used a gait belt as required by the transfer list. The Commission also observed that Watson made no effort to recant these misrepresentations until her employer affirmatively discovered she had lied. Unlike her initial mistake in failing to use the gait belt, Watson's misrepresentations to her employer were "wanton," "willful," or "deliberate." *See* § 288.030.1(23). She knew exactly the circumstances that led to the patient's injury, but intentionally attempted to deceive her employer by reporting

that she had adhered to the transfer list. Though we recognize that it may only be human to wish to paper over one's errors, repeatedly lying during a healthcare provider's investigation into the serious injury of a patient involves an element of patent culpability. In short, we hold that repeated dishonesty in a matter of substantial significance to one's employer rises to the level of misconduct under section 288.030.1(23). Thus, the Commission did not err by concluding that Watson committed misconduct by lying to her employer.

## CONCLUSION

For the foregoing reasons, we affirm the Commission's order.

PATRICIA L. COHEN and GARY M. GAERTNER, JR., JJ., concur.