

# In the
# Missouri Court of Appeals
# Western District

KATHRYN CROWLEY,

                      **Appellant,**

v.

CLARCOR/GENERAL ELECTRIC AND
TREASURER OF THE STATE OF
MISSOURI, CUSTODIAN OF THE
SECOND INJURY FUND,

                      **Respondents.**

**WD85177**

**OPINION FILED:**

**November 22, 2022**

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Four:**
**Gary D. Witt, Chief Judge, Presiding, Mark D. Pfeiffer and Thomas N. Chapman, Judges**

Kathryn Crowley ("Crowley") appeals the decision of the Labor and Industrial Relations Commission ("Commission"), which supplemented and adopted the final award of the Administrative Law Judge ("ALJ"). The Commission determined (1) that Crowley had engaged in post-injury misconduct such that Crowley was not entitled to any temporary total disability ("TTD") benefits from her employer, Clarcor; (2) that Crowley was not entitled to permanent total disability ("PTD") benefits; (3) that Crowley was entitled to permanent partial disability ("PPD") benefits and two weeks disfigurement; and (4) that Clarcor was entitled to a credit for TTD benefits that Clarcor had paid previously in compliance with a prior temporary award. Due

to the serious deficiencies in Crowley's appellate brief and preservation issues, the appeal is dismissed.

## Background

In 2014, Crowley experienced symptoms of bilateral carpal tunnel syndrome. As later stipulated by the parties prior to the final award hearing, Crowley was in the employ of Clarcor on October 6, 2014 when she sustained an injury by repetitive trauma which arose out of and in the course of her employment with Clarcor. Due to restrictions related to her symptoms, Crowley was placed in a position that involved wrapping tape on gaskets. On November 19, 2014, Crowley reported to her supervisor that she was experiencing pain and numbness from performing the gasket-wrapping work. Crowley was informed that she would be required to take a drug test as a result of the injury pursuant to Clarcor's drug policy. The drug test was performed on November 20, 2014. On December 22, 2014, Crowley was terminated due to the results of her drug test, which had come back positive for amphetamine and methamphetamine.[1]

In early 2015, Crowley filed a claim for compensation with the Division of Workers' Compensation. On August 24, 2015, at Crowley's request, a hardship hearing was held before an ALJ. Following the hearing, the ALJ issued a Temporary or Partial Award ("Temporary Award") with accompanying findings of fact and conclusions of law. Pursuant to the Temporary Award, Clarcor and its insurer were ordered to pay to Crowley TTD benefits in the weekly amount of $504.00. The Temporary Award further ordered Clarcor and its insurer to provide Crowley with medical treatment as reasonable to cure and relieve Crowley from the effects of

---

[1] Crowley testified at the December 2020 hearing that she had never used methamphetamine and argued that the positive drug test was the result of a prescription medication. Clarcor presented evidence in the form of the opinion of Dr. John Vasiliades. Dr. Vasiliades, a certified forensic toxicologist, opined that the test results were not a false positive and that the test results indicated that Crowley had taken the illegal form of methamphetamine.

the work-related bilateral carpal tunnel syndrome. The Temporary Award further provided: "This award is only temporary or partial, is subject to further order, and the proceedings are hereby continued and the case kept open until a final award can be made."

On December 14, 2020, a final award hearing was held before an ALJ. On that same day, Clarcor submitted an amended answer in which Clarcor sought to amend its answer to assert the affirmative defense that Clarcor was not liable for any temporary disability benefits because Crowley was terminated for post-injury misconduct. Crowley objected to the amended answer because Clarcor had failed to raise the defense previously and because post-injury misconduct had previously been adjudicated at the hardship hearing. The ALJ overruled Crowley's objection, accepted the amended answer, and indicated that the proceedings would move forward on the issue of the alleged post-injury misconduct.[2]

The parties stipulated: "That on or about October 6, 2014, [Crowley] was in the employ of Clarcor and sustained an injury by repetitive trauma which arose out of and in the course of employment." It was further stipulated that TTD benefits had been paid in the amount of $49,833.19, representing 98 1/7 weeks, for the period of November 21, 2014 to October 7, 2016, and that medical had been provided by Clarcor or its insurer in the amount of $27,209.79. Among the issues to be determined at the hearing were: (1) whether Crowley was terminated from employment based on Crowley's post-injury misconduct pursuant to section 287.170; (2) the amount of additional TTD benefits, if any, owed to Crowley; (3) the nature and extent of any permanent disability and any disfigurement; and (4) the liability of the Second Injury Fund.

---

[2] On appeal, Crowley does not assert error with regard to the propriety of Clarcor being allowed to amend its answer to assert the defense of post-injury misconduct.

3

Following the hearing, the ALJ issued an Award, in which the ALJ found that Crowley was terminated from post-injury employment as a result of post-injury misconduct. The ALJ found that Clarcor had an employment policy under which a positive drug test result for illegal substances resulted in termination. Because of the finding that Crowley had been terminated due to post-injury misconduct, the ALJ found that Crowley was not entitled to any TTD benefits or temporary partial disability benefits. The ALJ further found that Clarcor was entitled to a credit of $49,833.19 for TTD benefits which had been paid previously to comply with the Temporary Award.

On the issue of permanent disability, the ALJ determined that Crowley sustained permanent partial disability of 25% of the right wrist and 12.5% of the left wrist. The ALJ further found that Crowley was entitled to two weeks of disfigurement based on evaluation of her scars. The ALJ found that Crowley was not permanently and totally disabled. The ALJ found no liability on the part of the Second Injury Fund. The ALJ's Award provided that Crowley was awarded $30,500.23 (67.625 weeks of compensation), but that such award was subject to the $49,833.19 credit to Clarcor for TTD benefits which had previously been paid to Crowley.

Crowley timely appealed the ALJ's award to the Commission. Thereafter, the Commission issued its Final Award Allowing Compensation in which the Commission affirmed, adopted, and supplemented the ALJ's Award. On the issue of post-injury misconduct, the Commission adopted the ALJ's findings and conclusions indicating that Clarcor terminated Crowley's post-injury employment due to post-injury misconduct, such that Crowley was not entitled to any TTD benefits and that Clarcor was entitled to a credit for TTD benefits previously paid.

4

Regarding PTD benefits, the Commission adopted the ALJ's determination that Crowley was not permanently totally disabled, including the ALJ's findings relating to the credibility and persuasiveness of the medical and vocational expert opinions produced at the hearing.

Crowley now appeals to this Court.

## Standard of Review

Pursuant to article V, section 18 of the Missouri Constitution, the scope of appellate review of Commission decisions extends to whether the decision is authorized by law and, in contested cases, whether such decision is "supported by competent and substantial evidence upon the whole record." *See Cosby v. Treasurer of State*, 579 S.W.3d 202, 205 (Mo. banc 2019). Additionally, section 287.495.1 provides, in pertinent part:

> Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

*See Cosby,* 579 S.W.3d at 206. The appellate court defers to the Commission's determinations as to witness credibility and the weight given to conflicting evidence. *Annayeva v. SAB of TSD of City of St. Louis*, 597 S.W.3d 196, 198 (Mo. banc 2020).[3]

---

[3] "When the Commission adopts the findings of the ALJ, appellate courts review those findings as if originally made by the Commission." *Annayeva v. SAB of TSD of City of St. Louis*, 597 S.W.3d 196, 198 n.2. (Mo. banc 2020).

**Analysis**

Crowley raises five points on appeal. However, due to serious deficiencies in her briefing and preservation issues, we are unable to reach the merits of this appeal. These deficiencies range from failing to comply with the briefing requirements of Rule 84.04, including compliance with the Rule's requirements regarding points relied on, statements of preservation, and providing citations to the record. There are also further issues regarding the preservation of Crowley's first and third points in that the arguments presented in these points were not previously made to the Commission on appeal from the ALJ's final award. Further, the argument sections that follow a number of Crowley's points on appeal fail to provide appropriate analytical support in support of her claims of reversible error and fail to provide clarity as to the grounds on which she claims reversible error or the precise contours of her arguments so as to give the respondents proper notice of her claims on appeal. Consequently, the appeal is dismissed.

Before explaining the deficiencies present in Crowley's five points on appeal, we first provide background on the briefing requirements of Rule 84.04.

**Rule 84.04**

Rule 84.04 sets forth a number of mandatory briefing requirements for briefs filed in appellate courts. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Although it is the preference of the appellate courts of this state to decide appeals on the merits of the case, and appellate courts have discretion to excuse technical deficiencies in a brief, our discretion is not to be exercised when a brief is "so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal." *Id.* (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338

6

(Mo. banc 1998)).  Missouri courts have explained the importance of adherence to briefing

requirements:

> When counsel fail in their duty by filing briefs which are not in conformity with
> the applicable rules and do not sufficiently advise the court of the contentions
> asserted and the merit thereof, the court is left with the dilemma of deciding that
> case (and possibly establishing precedent for future cases) on the basis of
> inadequate briefing and advocacy or undertaking additional research and briefing
> to supply the deficiency.  Courts should not be asked or expected to assume such a
> role.  In addition to being inherently unfair to the other party to the appeal, it is
> unfair to parties in other cases awaiting disposition because it takes from them
> appellate time and resources which should be devoted to expeditious resolution of
> their appeals.

*Id.* (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)).

An appellant's points relied on are an important component of any appellate brief.  The

points relied on are designed "to give notice to the opposing party of the precise matters which

must be contended with and to inform the court of the issues presented for review."  *Id.* (quoting

*Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)).  On appeal from the decision of

an administrative agency, Rule 84.04(d)(2) governs points relied on and provides:

> Where the appellate court reviews the decision of an administrative agency, rather
> than a trial court, each point shall:
>
> (A) Identify the administrative ruling or action the appellant challenges;
>
> (B) State concisely the legal reasons for the appellant's claim of reversible error;
> and
>
> (C) Explain in summary fashion why, in the context of the case, those legal reasons
> support the claim of reversible error.

Rule 84.04(d)(2) further provides the form to which points relied on must adhere:

> The point shall be in substantially the following form: "The [*name of agency*] erred
> in [*identify the challenged ruling or action*], because [*state the legal reasons for the
> claim of reversible error, including the reference to the applicable statute
> authorizing review*], in that [*explain why, in the context of the case, the legal
> reasons support the claim of reversible error*]."

7

"A deficient point relied on requires the respondent and appellate court to search the remainder of the brief to discern the appellant's assertion and, beyond causing a waste of resources, risks the appellant's argument being understood or framed in an unintended manner." *Lexow*, 643 S.W.3d at 505 (citing *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)). "A point relied on which does not state 'wherein and why' the trial court or administrative agency erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Id.* (brackets omitted) (quoting *Storey v. State*, 175 S.W.3d 116, 126 (Mo. banc 2005)).

Rule 84.04(d) requires separate points to challenge separate rulings or actions. When a point combines multiple, independent claims of error into a single point, the point is multifarious and preserves nothing for review. *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019). Although appellate courts have discretion to review non-compliant points *ex gratia* where the argument is readily understandable, this discretion must be exercised cautiously "because each time we review a noncompliant brief ex gratia, we send an implicit message that substandard briefing is acceptable. It is not." *Scott*, 510 S.W.3d at 892. Moreover, in deciding whether such discretion can or should be exercised, an appellate court must consider whether the appellant's argument is readily understandable. *See id.*

An argument that follows a point relied on must provide sufficient analytical support for the claim of reversible error. "An argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact." *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007). Rule 84.04(e) provides a number of further requirements regarding the argument section that follows each point relied in a brief. Rule 84.04(e) provides: "For each claim of error, the

8

argument shall also include a concise statement describing whether the error was preserved for appellate review, if so, how it was preserved; and the applicable standard of review." With respect to factual assertions in an argument section, Rule 84.04(e) provides: "All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits. . . ." As indicated previously, "Rule 84.04's requirements are mandatory." *Lexow*, 643 S.W.3d at 509. When briefing deficiencies fail to give notice to the court and the other parties as to the issue or issues presented on appeal, review is inappropriate. *Wilkerson*, 943 S.W.2d at 647.

**Point One**

Crowley's first point on appeal states:

THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ERRED AS A MATTER OF LAW AND ACTED WITHOUT AND IN EXCESS OF ITS POWERS BECAUSE THE COMMISSION FOUND THE PROVISIONS OF RSMO 287.170 (2014) (POST-INJURY MISCONDUCT) TO BE APPLICABLE TO AN "OCCUPATIONAL DISEASE" (BILATERAL CARPAL TUNNEL SYNDROME) IN THAT, PURSUANT TO RSMO 287.020.3(5) (2014), THE TERM "INJURY" "SHALL IN NO CASE EXCEPT AS SPECIFICALLY PROVIDED IN THIS CHAPTER BE CONSTRUED TO INCLUDE OCCUPATIONAL DISEASE IN ANY FORM", RSMO 287.170 (2014) DOES NOT SPECIFICALLY PROVIDE THAT THE "INJURY" OF "POST-INJURY MISCONDUCT" TO INCLUDE "OCCUPATIONAL DISEASE" AND, THUS, RSMO 287.170.4 (2014) DOES NOT APPLY TO "OCCUPATIONAL DISEASE".

Crowley's first point fails to adhere to the requirements of Rule 84.04. In particular, Crowley's first point fails to begin by identifying the challenged ruling or action as required by Rule 84.04(d). Instead, this point attempts to begin by stating general legal reasons for a claim of reversible error without ever identifying what she asserts the Commission erred in doing. The purpose of the rules regarding points relied on "is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for

9

review." *Lexow*, 643 S.W.3d at 505. The identification of the challenged ruling or action is an essential component of stating the "wherein and why" the appellant claims the administrative agency erred; points relied on which fail to state "wherein and why" the administrative agency erred preserve nothing for appellate review. *See id.*

Although Crowley's first point fails to adhere to the form required by Rule 84.04(d), Crowley's first point and argument appear to contend that the Commission erred in determining that post-injury misconduct would serve as a bar to TTD benefits for an occupational disease. However, there are further problems with Crowley's first point.

As Clarcor points out, Crowley's brief further violated Rule 84.04 by failing to include a statement of preservation in violation of Rule 84.04(e). Clarcor argues further in its responsive briefing that, irrespective of the omitted statement of preservation, Crowley's first point on appeal is not, in fact, preserved because Crowley failed to raise the issue in her appeal to the Commission after the ALJ's award determined that section 287.170.4 relating to post-injury misconduct was applicable. After having failed to include the required statement regarding how this point was preserved in her initial brief, and after Clarcor's responsive briefing argued that Crowley's first point was not preserved, Crowley elected not to file a reply brief. Thus, Crowley has provided this court with no indication or argument that her first point is preserved despite the requirement of Rule 84.04(e), despite being on notice of the deficiency in her initial brief, and despite Clarcor's contentions that her first point was not, in fact, preserved.

"An issue appropriate for, but not addressed with the commission, cannot be litigated on appeal." *St. John's Mercy Health System v. Div. of Emp. Sec.*, 273 S.W.3d 510, 516 (Mo. banc 2009). In this matter, the ALJ's award determined that the post-injury misconduct provision was applicable such that Crowley was not entitled to any TTD benefits. Crowley appealed to the

10

Commission. In her brief filed with the Commission, Crowley never attempted to make any argument resembling the one she attempts to make for the first time in her first point on appeal. Because Crowley failed to address with the Commission the issue she now attempts to raise for the first time in her first point on appeal – that the statutory provisions regarding post-injury misconduct do not apply to occupational diseases – Crowley's first point cannot be litigated on appeal. *St. John's Mercy Health System*, 273 S.W.3d at 516.

**Point Two**

Crowley's second point on appeal states:

THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ERRED AS A MATTER OF LAW AND ACTED WITHOUT AND IN EXCESS OF ITS POWERS BECAUSE THE COMMISSION FOUND EMPLOYEE WAS TERMINATED FROM POST-INJURY EMPLOYMENT BASED UPON THE EMPLOYEE'S POST-INJURY MISCONDUCT IN THAT SUCH FINDING IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY COMPETENT OR SUBSTANTIAL EVIDENCE WHEREAS THE OVERWHELMING WEIGHT OF THE EVIDENCE AND SUBSTANTIAL EVIDENCE SUPPORT A FINDING THAT EMPLOYEE'S ACTIONS DID NOT CONSTITUTE "MISCONDUCT".

Crowley's second point also fails to conform to the format required by Rule 84.04 in that it fails to begin by identifying the challenged ruling or action of the Commission. It further asserts multiple, independent legal reasons that could support a claim of reversible error. It includes some of these reasons at the beginning of the point relied on, which would indicate that Crowley is asserting that the Commission committed an error of law in acting in excess of its powers. The point then indicates that the Commission made a finding that was not supported by competent or substantial evidence. These claims present "separate and distinct inquiries, each requiring its own discrete legal analysis." *See Macke*, 591 S.W.3d at 869-70. By attempting to

11

combine multiple, distinct allegations of error into a single point, Crowley's second point is multifarious in violation of Rule 84.04(d) and preserves nothing for appellate review. *See id.*

Although appellate courts have discretion to review noncompliant points *ex gratia* when the deficiencies do not impede review on the merits, *Lexow*, 643 S.W.3d at 508, there are further problems with Crowley's briefing on her second point. The argument section that follows Crowley's second point fails to clarify the error she is asserting, such that her argument is not readily understandable or sufficient "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *See id.* at 505. Although her argument could perhaps best be understood as challenging whether competent and substantial evidence supports the Commission's finding that Crowley had been terminated for post-injury misconduct, Crowley's argument section fails to sufficiently make clear wherein and why she asserts this finding is erroneous.

Moreover, even if we were to attempt to review Crowley's second point as a competent and substantial evidence challenge, Crowley fails to provide sufficient analysis to support her claim of error. In particular, Crowley fails to sufficiently address the evidence in the record supporting the Commission's decision. In determining whether the record contains sufficient competent and substantial evidence to support the factual findings of an administrative agency, the scope of review provided by article V, section 18 of the Missouri Constitution authorizes a reviewing court to examine the evidence in the context of the whole record in contested cases. *See Spire Missouri, Inc. v. Pub. Serv. Comm'n*, 618 S.W.3d 225, 231-32 (Mo. banc 2021). This scope of review authorizes a reviewing court to consider all of the evidence that was before the agency, "including the evidence and inferences that the agency rejected in making its findings." *Id.* at 236 n.8 (quoting *Seck v. Dep't of Transp.*, 434 S.W.3d 74, 78-79 (Mo. banc 2014)).

12

However, our standard of review is still a deferential one "that gives weight to the administrative agency's role as the finder of fact . . . ." *Id.* at 232.

An appropriate analysis that seeks to establish that an agency finding was unsupported by competent and substantial evidence on the whole record must either: (1) point to the absence of competent evidence necessary to support a material finding; or, (2) it must explain why, even though there was evidence in the record to support the challenged finding, the remaining evidence in the record on that issue was such that, when considered in the context of all the evidence, the agency's finding was contrary to the overwhelming weight of the evidence. *See id.* at 231 (citing *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222-23 (Mo. banc 2003)).

An analysis that neglects the evidence that supported the agency's finding cannot establish that the finding is contrary to the overwhelming weight of the evidence on the record as a whole, because such analysis provides no context for how the entirety of the evidence in the record fails to support the challenged finding. When an appellant argues that a challenged finding is unsupported by competent and substantial evidence on the whole record due to the finding being contrary to the overwhelming weight of the evidence, this argument necessarily requires a comparison between the evidence rejected and the evidence in support of the challenged finding. Such an argument also requires an explanation of *why*, in the context of all the evidence before the factfinder, the factfinder could not have reasonably made the challenged finding. By failing to sufficiently address the evidence in the record that supported the Commission's challenged finding, and by failing to clarify *why* the Commission could not have reasonably made the challenged finding, Crowley's brief fails to provide sufficient analysis in support of her asserted error.

13

Additionally, the argument section following Crowley's second point fails to consistently support factual assertions with references to the record on appeal in violation of Rule 84.04(e). The argument section includes entire paragraphs without a single reference to where in the record on appeal such asserted facts are supported.

Due to the serious deficiencies in the briefing on Crowley's second point, and because her arguments fail to sufficiently put this court or the opposing party on notice of her precise allegation of error, and because her arguments fail to provide sufficient analysis in support of her allegation of error (as best as we can discern it), we decline to review Crowley's second point on appeal.

**Point Three**

Crowley's third point on appeal states:

THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ERRED AS A MATTER OF LAW AND ACTED WITHOUT AND IN EXCESS OF ITS POWERS BECAUSE THE COMMISSION FOUND FOR A §287.170.4 "POST-INJURY MISCONDUCT" CREDIT IN FAVOR OF EMPLOYER/INSURER FOR TEMPORARY TOTAL DISABILITY BENEFITS THAT WERE PREVIOUSLY PAID IN THAT §287.170.4 ONLY APPLIES TO TEMPORARY TOTAL DISABILITY BENEFITS THAT ARE "PAYABLE", MEANING BENEFITS "THAT MAY, CAN, OR MUST BE PAID".

As with each of Crowley's points on appeal, this point fails to comply with the requirements of Rule 84.04(d) in that it fails to begin by identifying a challenged ruling or action. The argument section that follows this point also fails to include a statement explaining how this allegation of error was preserved in violation of Rule 84.04(e). Clarcor pointed out this deficiency in its responsive briefing and argued that this point was not, in fact, preserved because this argument had never been made on appeal to the Commission from the ALJ's award. We agree. "An issue appropriate for, but not addressed with the commission, cannot be litigated on

14

appeal." *St. John's Mercy Health System*, 273 S.W.3d at 516.  Because Crowley failed to raise

with the Commission the argument she now attempts to make on appeal, Crowley's third point

cannot be litigated on appeal.  *See id.*

## Point Four

Crowley's fourth point suffers from many of the same deficiencies as her other points and

is similarly dismissed.  However, it is unnecessary to address these deficiencies in detail, as it

appears to this court that her fourth point essentially contends that the Commission erred in

failing to award additional TTD benefits.  The success of this point is contingent on the

availability of TTD benefits.  The Commission determined that Crowley was not entitled to any

TTD benefits because Crowley was terminated for post-injury misconduct.  As Crowley has

failed to establish that the Commission erred in determining that she was not entitled to *any* TTD

benefits, it is unnecessary to determine whether the Commission erred  in failing to award

additional TTD benefits.

## Point Five

Crowley's fifth point on appeal states:

THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ERRED AS A
MATTER OF LAW AND ACTED WITHOUT AND IN EXCESS OF ITS
POWERS BECAUSE THE COMMISSION FOUND FOR PERMANENT
PARTIAL DISABILITY BENEFITS RATHER THAN PERMANENT TOTAL
DISABILITY BENEFITS IN THAT THE COMMISSION USED DATES
SEPTEMBER 9, 2016, SNF OCTOBER 7, 2017, FOR THE "ABLE TO
COMPETE IN THE OPEN LABOR MARKET" TEST, WHICH IS A TEST FOR
PERMANENT TOTAL DISABILITY, NOT TEMPORARY TOTAL
DISABILITY, AS EMPLOYEE WAS STILL IN THE "REHABILITATIVE
PROCESS" AND DID NOT USE THE ONLY AND UNCONTESTED MEDICAL
OPINION OF MAXIMUM MEDICAL IMPROVEMENT DATE, BEING THAT
OF CONCANNON FOR MMI ON APRIL 28, 2016, AND SUBSTITUTING
THEIR OPINION FOR SAME WOULD BE BASED UPON MERE
CONJECTURE AND SPECULATION AS WELL AS AGAINST THE
OVERWHELMING WEIGHT OF THE EVIDENCE AND NOT SUPPORTED

BY COMPETENT OR SUBSTANTIAL EVIDENCE WHERE THE OVERWHELMING WEIGHT OF THE EVIDENCE COMPETENT OR SUBSTANTIAL EVIDENCE SUPORT AN MMI DATE OF APRIL 28, 2017, AND A FINDING OF PERMANENT TOTAL DISABILITY.

This point on appeal violates Rule 84.04(d) by failing to adhere to the form required of points relied on. It further violates Rule 84.04(d) in that it attempts to combine multiple and distinct allegations of error in a single point. This point is therefore multifarious and preserves nothing for review. *See Macke*, 591 S.W.3d at 869. The argument section that follows the point fails to include a statement of preservation in violation of Rule 84.04(e). Factual assertions in the argument section are not consistently accompanied by citations to the record on appeal in violation of Rule 84.04(e).

Further, the argument section fails to present a readily understandable argument that is sufficient "to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Lexow*, 643 S.W.3d at 505. Finally, even if we were to attempt to exercise our discretion try to review Crowley's fifth point as a competent and substantial evidence challenge to the finding that Crowley was not permanently totally disabled, the argument section fails to provide sufficient analysis to support such a claim (as was the case with Crowley's second point).

Due to the deficiencies in the briefing on Crowley's fifth point, the fact that the error asserted in the fifth point is not readily understandable, and the fact that it lacks sufficient analysis in support of her assertion of error (as far as we can understand it), we decline to review Crowley's fifth point on appeal.

16

**Conclusion**

The appeal is dismissed.[4]

_Tom Chapman_
Thomas N. Chapman, Judge

All concur.

---

[4] Respondent Clarcor's Pending Motion to Dismiss is moot and is therefore denied.